**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| GREGORY B. MYERS, | |
| Appellant, | |
| v. | |
| ROGER SCHLOSSBERG, *Chapter 7 Trustee*, BRIAN KING, CRISTINA KING and CRISTINA AND BRIAN KING CHILDREN'S TRUST, | Civil Action No. 26-2865-TDC |
| Appellees. | |

**CASE MANAGEMENT ORDER**

Federal Rule of Civil Procedure 83(b) provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."  Such case management includes holding pretrial conferences for the purpose of "establishing early and continuing control so that the case will not be protracted because of lack of management" and "discouraging wasteful pretrial activities."  Fed. R. Civ. P. 16(a).

Pursuant to these authorities, and in an effort to streamline proceedings, reduce unnecessary and costly motions practice, and "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, this Standing Case Management Order (the "Case Management Order") shall govern in all civil proceedings before Judge Chuang. Although this Case Management Order places formal requirements on the manner in which cases shall proceed, it is intended only to more effectively channel the efforts of litigants and allocate the resources of the Court.  It does not, and is not intended to, modify or abridge any substantive rights of any litigant.

## I.    Applicability of this Order

### A.  Effective Date

1. This Case Management Order is effective upon its filing as to any parties who have already appeared.

2. With respect to parties who have not appeared at the time that this Case Management Order is entered upon the docket, this Case Management Order is

effective immediately upon receipt.  Entry of an appearance by counsel, which includes gaining access to the docket of this case through CM/ECF, shall constitute receipt.  However, this Case Management Order is not to be construed so as to penalize any party who violates its terms without having received notice of its contents.  *See* Fed. R. Civ. P. 83(b).

**B.  Service of this Order**

1. If this Case Management Order is entered *before* the summons and complaint have been served upon all Defendants, a copy of this Case Management Order shall be served upon any unserved Defendants simultaneously with the summons and complaint, in any manner authorized by Rule 4(c).

2. If this Case Management Order is entered *after* the summons and complaint have been served upon all defendants, but before all defendants have appeared, Plaintiff shall serve a copy of this Case Management Order on all Defendants who have not yet appeared in a manner consistent with Rule 5(b) and reasonably calculated to provide prompt, actual notice of this Case Management Order.  Such service is to be effected within three (3) business days of entry of this Case Management Order, unless good cause is shown as to why service cannot be effected within that time.

## II.    General Requirement

**A.  Communications with Chambers**

1. The Court does not engage in *ex parte* communications.  Accordingly, unless otherwise directed or initiated by the Court, parties shall refrain from communicating with chambers on any matters related to their case including but not limited to questions they may have about the status of any motions, the applicability of the requirements set forth in this Order, filing deadlines, or courtroom proceedings.  To the extent that parties wish to communicate with the Court about these or related matters, they may do so by filing a Notice on the public docket.

**B.  Written Filings**

1. With the exception of Notices pursuant to part III, below, no filings with the court may be submitted in the form of a letter.  Instead, all filings must have a caption and should comply with Local Rules 105.3 and 207 relating to page limits for motion briefs.  In addition, all filings must be double-spaced and in 12-point Times New Roman font, including footnotes, and the document margins must be 1" on all

sides.  Footnotes are limited to no more than five single-spaced lines on any single page.

2.  Any citations to internet sources must be accompanied by a copy of the cited webpage attached as an exhibit.

## C.  Exhibits

1.  All exhibits for a hearing or trial must be pre-marked with an exhibit sticker listing the exhibit number.  Do not separately identify exhibits as "Plaintiff's" or "Defendant's."  Plaintiff's exhibits should be numbered as Exhibits 1-99.  Defendant's exhibits should be numbered as Exhibits 100-199.  If Plaintiff has more than 100 exhibits, Defendant's exhibits should start at 200 or whatever other number that will safely permit each side's exhibits to be numbered consecutively.  No exhibit designation may begin with a letter.  However, logically grouped or late-inserted exhibits may have a letter at the end.  E.g., Exhibit 105A.  Exhibits marked for identification only not intended for admission shall be numbered as Exhibits ID1-ID99 by Plaintiff, and ID100-ID199 by Defendant.

2.  All audio files exhibits must be in .mp3 format.  All video file exhibits must be in .mp4 format.  Any passwords must be submitted with the file exhibit.  The case name and exhibit number must be written on the disc or thumb drive itself.  All audio and video exhibits must be accompanied by a transcript, with page numbers, in both hard copy and as an electronic PDF file.  Any files not comforming to these requirements will be stricken.

3.  The parties shall submit on or before the day of a hearing or trial a binder or binders containing all proposed exhibits, pre-marked, for the Court's use.

## III.  Motions Practice

## A.  Requirement for a Pre-Motion Notice and a Pre-Motion Conference

1.  **No motions may be filed without first seeking a Pre-Motion Conference with the Court.**  This limitation applies to any and all motions, including Motions to Dismiss filed in lieu of an Answer, with the exception of (1) Motions for an Extension of Time; (2) Motions to Amend the Scheduling Order; (3) Motions to Seal; (4) Motions for Clerk's Entry of Default; (5) Motions for Default Judgment; (6) Motions for Admission *pro hac vice*; (7) Motions to Withdraw as Attorney; (8) Motions *in Limine* when filed pursuant to the Court's Pretrial Scheduling Order; and (9) any Consent or Joint Motions.

2.  If a party intends to file a motion, it must first file a Notice of Intent to File a Motion ("Notice"), which shall take the form of a letter to the Court, not to exceed three single-spaced pages, containing a brief description of the motion sought to be filed and a brief summary of the particularized factual and legal support for the motion.  The Notice shall contain sufficient information to demonstrate that it is premised

on colorable, good-faith arguments and is not frivolous or brought for any improper purpose, Fed. R. Civ. P. 11, but need not contain more. The Notice shall state whether the parties have met and conferred to discuss whether the matter at issue can be resolved without a motion.

3. No response to a Notice is necessary or shall be permitted.

4. The timely filing of a Notice, within the time period to file the underlying motion to which it relates, will result in an automatic extension of the time to file such motion until the date set by the Court at the Pre-Motion Conference; no motion for an extension is necessary. For example, if a Notice seeks to file a pre-Answer motion to dismiss, this provision will apply, and the time to answer provided in Federal Rule of Civil Procedure 12(a) will be tolled.

5. Upon receipt of a Notice, the Court promptly will schedule a telephonic Pre-Motion Conference with all parties. In addition to the proposed motion, the parties should be prepared to address whether they consent, pursuant to 28 U.S.C. § 636(c), to have all further proceedings before a Magistrate Judge and whether they wish to participate in a mediation session with a Magistrate Judge, whether before, during, or after discovery. **Parties are expected to consult with their clients and confer with each other on these issues in advance of the Pre-Motion Conference and, if possible, present joint views to the Court.**

6. In the event that the Court determines that no Conference is necessary, it will cancel the Conference and issue an Order authorizing the filing of the motion in accordance with the terms of this Case Management Order and the Local Rules.

**B. Briefing Requirements**

1. Except as provided herein or as ordered during a Pre-Motion Conference, all Motions must comply with the Local Rules of this Court, particularly with Local Rule 105.2(c), covering cross-motions for summary judgment, Local Rule 105.3, providing for page limits, and Local Rule 105.4, providing for tables of contents in lengthy memoranda.

2. **In addition to page limits set forth in Local Rule 105.3 for reply briefs, no reply brief may be longer than the brief to which it is responding.**

3. Pursuant to Section II.B.1 of this Order, all briefs must have a caption. In addition, briefs must be double-spaced and in 12-point Times New Roman font, including footnotes, and the document margins must be 1" on all sides. Footnotes are limited to no more than five-single spaced lines on any single page.

4. Pursuant to Section II.B.1 of this Order, any citations to internet sources must be accompanied by a copy of the cited webpage attached as an exhibit.

**C. Procedures for Submission of Evidentiary Materials with Motions**

1. In the event that a party files a Motion for Summary Judgment, or parties file Cross Motions for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, all parties shall cooperate to compile a joint statement of facts that are not disputed for the purposes of summary judgment. Such facts should be submitted in a Joint Statement of Undisputed Facts and need not—and should not—be supported with additional documentary evidence. The parties may stipulate to facts, or to the authenticity, relevance, or admissibility of particular documents, for the purposes of summary judgment without prejudice to their ability to dispute such facts in good faith at later proceedings. **The parties shall not submit separate "Plaintiff's Statement of Undisputed Facts" or Defendant's Statement of Undisputed Facts" on which there is no joint agreement**.

2. The following procedures for the submission of exhibits using a single, consolidated Joint Record shall be followed by the parties in submitting exhibits in relation to any substantive motion for which exhibits are relevant, including but not limited to a motion to dismiss, a motion for summary judgment, a motion for a preliminary injunction, or a motion for a new trial.

   a. The party filing first shall compile any exhibits, including affidavits, needed to support its position. All exhibits shall be provided in a clear format that includes the complete document, rather than an excerpt. All deposition transcripts shall be provided in their entirety in "minuscript" (four transcript pages per printed page) format, and the cited portions shall be highlighted in a manner that allows both the highlighting and the highlighted text to be clear and easily seen as filed. Any lengthy documents (more than 10 pages) of which only certain portions are relevant shall be highlighted similarly. If only a *de minimis* portion of a document or deposition is necessary, the parties may seek permission to file only the first page of the document and the relevant portion.

   b. All exhibits must be produced in a clear, legible format. Photographic or photocopied exhibits must be included in their original format (color or black-and-white) and in sufficient quality and resolution that their contents are reasonably clear. Any documents that cannot be printed on standard 8.5"x11" paper must, to the extent possible, be placed in a folder or securely affixed to a page of paper or cardstock that is 8.5"x11".

   c. The initial movant's exhibits shall be tabbed with exhibit numbers and each page shall be consecutively numbered (such as with a Bates stamp or equivalent method) so that, for example, the first page of exhibit two will bear the number immediately following the number of the last page in exhibit one, and so forth for all the exhibits. Each page submitted will therefore have a unique Joint Record ("J.R.") number.

5

d. No exhibits need be filed with the court with the filing of the initial motion, but the exhibits shall be provided to the opposing party in a manner that allows them to cite to the exhibit and J.R. numbers used by the movant. All citations shall be to both the relevant exhibit and J.R. number. For citations to deposition transcripts with multiple pages of transcript on a single exhibit page, the original transcript page and relevant line numbers shall be provided in parentheses following the exhibit number and J.R. number.

e. The respondent/cross-movant shall not provide duplicates of any of the initial movant's exhibits but, to the extent necessary, shall cite to those same exhibits by exhibit and J.R. number. To the extent practicable, the respondent/cross-movant shall ensure that relevant portions of depositions or lengthy documents are highlighted even if those exhibits originally were provided by movant.

f. If the respondent/cross-movant seeks to rely upon additional exhibits, or to submit any other materials, it shall do so in the same format as provided in paragraphs 2.a–d above. Respondent/cross-movant shall begin numbering its exhibits and its pages where movant's exhibits/pages left off. For example, if movant provides fifteen exhibits, numbered 1–15, and comprising pages 1–200, respondent/cross-movant should begin with exhibit 16, and the first page should be numbered 201.

g. The same procedure shall be followed for exhibits relevant to subsequently filed memoranda, such as a reply or, if permitted by the Court, surreply memorandum.

h. Any objections to an exhibit shall be stated, in 250 words or less, on a cover page to that exhibit. "Under Fed. R. Civ. P. 56, as amended in 2010, facts in support of or opposition to a motion for summary judgment need not be in admissible form; the requirement is that the party identify facts that could be put in admissible form." *Mallik v. Sebelius*, 964 F. Supp. 2d 531, 546 (D. Md. 2013). Accordingly, the mere fact that a document is inadmissible in its current form is not a valid objection. Similarly, objections to the contents or credibility should not be made unless they have a nonfrivolous basis. The party offering an exhibit may respond to the objection in 250 words or less, on the same cover page. However, an objection to an adversary's exhibit is not a basis for excluding any document from the Joint Record.

i. Within seven (7) days of the filing of the final brief on the Motion, the parties jointly shall file the Joint Record, both electronically and in hard copy in a single, bound volume (or, if necessary, multiple, numbered volumes). Notwithstanding Local Rule 105.5, all exhibits shall be tabbed and indexed, and shall be bound along the left side either in a three-ring binder, spiral binding, or by any other secure means of binding that allows the Joint Appendix to lay flat when opened.

j.  Within seven (7) days of the filing of the Joint Record, the parties jointly shall file a table that lists each exhibit as a separate row and, for each exhibit, provides the following information in separate columns:  (1) the exhibit number; (2) the exhibit title; (3) the J.R. number of the page on which the exhibit begins; and (4) the number of the CM/ECF docket entry in which the exhibit appears.  For each row, this information shall be provided in the order in which it is listed here.  The rows of exhibits shall be organized by exhibit number, in ascending order starting with the lowest exhibit number.

Date:   July 24, 2026

_____/s/_____
THEODORE D. CHUANG
United States District Judge

7