**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:

Gregory B. Myers

Case No. 15-26033-MCR
Chapter 7

Debtor.

_______________________________________/

**DEBTOR'S MOTION TO DISMISS OR STRIKE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST, OR, IN THE ALTERNATIVE, OPPOSITION TO SAID MOTION**

Gregory B. Myers ("Myers" or "Debtor"), *pro se*, hereby moves to dismiss or strike the the *Motion For Approval Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust* (Doc. 1005) (the "Motion") and the *Notice of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* (Doc. 1005-1) (the "Notice") (with the Motion and Notice hereinafter collectively referred to as the "Settlement Motion"), filed by Roger Schlossberg, Chapter 7 Trustee ("Schlossberg" or "Trustee") of the Bankruptcy Estate of Gregory B. Myers (hereinafter, the "Bankruptcy Estate"), on the grounds that the Settlement Motion cannot be adjudicated by motion and, instead, must be brought as an adversary proceeding. In the alternative, the Debtor requests that the instant motion be treated as Debtor's opposition to the Settlement Motion. In further support of the foregoing, the Debtor states as follows:[1]

---

[1] Debtor does not agree that the Settlement Motion is a core proceeding and Debtor does not consent to the entry of any final order(s) or final judgment(s) by the bankruptcy court. This Court does not have authority under § 157 to enter a final judgment on a matter that is not "core" but is merely "related to" the bankruptcy case. *See Stern v. Marshall* discussing a so-called "Stern claim," that is, "a claim designated for final adjudication in the bankruptcy court as a statutory matter but prohibited from proceeding in that way as a constitutional matter." To the extent the Settlement Motion is not dismissed for lack of subject matter jurisdiction or some other reason,

## I. INTRODUCTION

This Court lacks subject matter jurisdiction to consider the Settlement Motion because the relief the Trustee seeks cannot be awarded through motions practice but, instead, must be determined in an adversary proceeding. Moreover, even if a motion was the proper vehicle to obtain such relief, this Court still could not reach the merits of the Settlement Motion as there is an ongoing appeal in the Fourth Circuit concerning this Court's Order xxx. Accordingly, the Court is divested of jurisdiction to consider the relief requested by the Trustee. the issue has effectively been rendered moot.

Cutting through all the pretense, Schlossberg is *using* this Court to *commit a crime* (i.e., theft of Serv Trust's property). Schlossberg is using his relationship with the Maryland Bankruptcy Court to obtain a signature on a *fraudulent* "Rule 9019" settlement order (i.e., while *pretending* that Serv Trust's property is property of the Bankruptcy Estate). Schlossberg doesn't care what the settlement order says as long as it has a bankruptcy judge's signature on it. Schlossberg will then *immediately* ink a deal with King (i.e., "*consummates the settlement*")—before Serv Trust can obtain a stay of the *bogus* 9019 Order—and then Schlossberg will argue on appeal that the issue is "*equitably moot*" (i.e., a bankruptcy-judge created doctrine that Schlossberg has improperly used to *steal untold millions of dollars* from Myers and others). However, the proper authorities are now watching.[2]

---

the bankruptcy court must submit proposed findings of fact and conclusions of law to the District Court for an Article III Judge to make a final determination.

[2] *See, e.g., In re Anderson*, 377 B.R. 865 (2007), holding "the Chapter 7 Trustee's settlement with the owners of the other undivided one-half interest in the property cannot be approved, for, as already discussed, that settlement contemplates the Chapter 7 Trustee conveying to those owners an interest in the property that the bankruptcy estate in all likelihood no longer owns. The bankruptcy estate's receipt of consideration from the Defendants under such circumstances would be tantamount to fraud and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner."

Because this Court does not issue ***advisory opinions***, the Settlement Motion must be denied, and the proposed compromise disapproved, because there is admittedly no justiciable controversy or cause of action "affecting the estate" and therefore there is nothing for the Trustee "to compromise or settle."

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The King Parties are not "parties in interest" and lack standing.

Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties") have not filed a proof of claim in the Maryland bankruptcy case and are not creditors of the Maryland bankruptcy estate. Accordingly, the King Parties do not qualify as "parties in interest" and thus lack standing to participate in this matter.

That the King Parties are parties to the state court litigation is not a basis for standing in this case. Courts hold that a defendant in a state court proceeding does not have a sufficient stake in the bankruptcy to constitute a "party in interest". *See In re D'Antignac,* No. 05-10620, 2013 Bankr. LEXIS 621, at *7 (Bankr. S.D. Ga. Feb. 19, 2013).

In *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984-985 (11th Cir.1990), the Eleventh Circuit Court of Appeals reviewed the constitutional requirements for standing, as set forth above. With regard to the "actual injury" requirement the Court stated, "First, the party asserting standing must have suffered actual injury or show the imminence of such injury. [*Citations omitted*] Abstract harm is insufficient; the litigant must establish 'actual or threatened injury.' [*Citations omitted*]" *Id.* at 984. The Eleventh Circuit Court of Appeals also stated, "When standing has been contested, it is the burden of the party claiming standing 'to plead and prove injury in fact, causation, and redressability.' [*Citations omitted*]" *Id.* at 984. The King Parties have not shown any facts alleging any injury and "the court is not required to accept as true unwarranted legal

conclusions or unwarranted factual inferences." *Id.* at 753. The King Parties must assert more than a conclusory statement that they have "suffered damages." It is the burden of the party claiming standing "to plead and prove injury in fact, causation, and redressability," *id.* At 984, but here, they cannot.

**B. The Montgomery County Circuit Court lacked subject matter jurisdiction to enter the Order which the Trustee now relies upon in connection with the Settlement Motion.**

Plaintiff's Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, "Plaintiffs") filed a *First Amended Complaint for Declaratory Judgment* on or about February 13, 2019 (the "First Amended Complaint"), naming defendant Roger Schlossberg in his official capacity as Chapter 7 Trustee of the bankruptcy estate of Gregory B. Myers ("Trustee"), and alleging:

> 8. The Trustee is the duly-appointed trustee of the Chapter 7 bankruptcy estate of Mr. Myers, and a necessary party to this proceeding as the declaration sought herein materially impact the assets, *vel non,* of that bankruptcy estate.

Because the Plaintiffs have never obtained an order from the United States Bankruptcy Court for the District of Maryland (i.e., the appointing court) to sue the Trustee in Montgomery County Circuit Court, the state court case is required to be dismissed, with prejudice, for lack of subject matter jurisdiction. *McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012) (before another court may obtain subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver); *Barton v. Barbour*, 104 U.S. 126, 127, 26 L.Ed. 672 (1881).

The U.S. Supreme Court has clearly stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no

justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliot* v. *Lessee of Piersol,* 26 U.S. 328 (1828).

Thus, according to *Elliot*, by filing the Settlement Motion, the Trustee is "considered in law [a] trespasser." *Id.*

**C. The Trustee intentionally mischaracterizes the Circuit Court Order.**

The mere blanket statements by Trustee (Mastro) as to the ownership of property and/or the existence of liability under a common law cause of action cannot support a Rule 9019 settlement in this bankruptcy case. *See Appel v. Mainstar Oil Co. (In re B & L Oil Co.)*, 46 B.R. 731, 736 (Bankr. D. Colo. 1985) (holding that mere allegations that a third party should "turnover property does not suffice to convert a common law action into a turnover proceeding").

As a threshold matter, the Montgomery County Circuit Court lacked subject matter jurisdiction to enter the

The operative complaint in the King Case requested the following relief:

> WHEREFORE, the Plaintiffs respectfully prays this Honorable Court (i) enter a judgment declaring (a) Serv Trust is the alter ego of Mr. Myers; (b) the assets and liabilities of Serv Trust, including those incident to this litigation, are the assets and liabilities of Mr. Myers' bankruptcy estate, as administered by the Trustee; (c) the counterclaim asserted herein is an asset of Mr. Myers' bankruptcy estate, as administered by the Trustee; and (d) the liabilities of Serv Trust herein, on the consolidated promissory note collection case brought by 6789 Goldsboro, are liabilities of Mr. Myers' bankruptcy estate, as administered by the Trustee; and affording such other and further relief as may be just and proper.

On January 4, 2023, counsel for the King Parties (Maurice VerStandig) sent an email to Judge Lease's chambers, attaching a proposed order, and stating:

> Ms. Littlejohn,
>
> To follow on yesterday's trial, attached please find a proposed order entering partial judgment.

Regards,
Maurice "Mac" VerStandig, Esq.

On January 12, 2023—having considered the King Parties' proposed order—the Circuit Court (Lease, J.) entered an *Order Entering Partial Judgment And Stay* (the "State Court Order"), ***intentionally*** striking the following two paragraphs contained in the King Parties' proposed order:

> FOUND AND ADJUDGED, pursuant to the Alter Ego Declaratory Claim, and for those reasons stated on the record at the close of Trial, *that Serv Trust, as the alter ego of Mr. Myers, constitutes an asset of the bankruptcy estate created by Mr. Myers' filing a petition for relief and commencing case number 15-26033 in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Case")*; and it is further
>
> FOUND AND ADJUDGED, pursuant to the Alter Ego Declaratory Claim, and for those reasons stated on the record at the close of Trial, *that Roger Schlossberg, as trustee of the estate being administered in the Maryland Bankruptcy Case, is the owner of all the assets of Serv Trust, with said estate being equally obligated upon all the liabilities of Serv Trust*; and it is further

(Emphasis supplied).

To summarize, Judge Lease ***did not grant*** the relief requested in sections (b), (c), and (d) of the "WHEREFORE" clause in the King Parties' operative complaint in the King Case, and Judge Lease ***intentionally did not include*** the italicized portions of the above two paragraphs from the King Parties' proposed order. The maxim *expressio unius, exclusio alterius* ("the expression of one thing is the exclusion of the other") applies here and reveals the Trustee's characterization of the Circuit Court Order to be *pure fiction and a story written along the way.*[3] For example, the Trustee asserts that "as a matter of law, immediately upon entry of the State Court Order, Serv Trust and all of its assets became property of the Debtor's bankruptcy estate herein [], pursuant to

---

[3] The Trustee's assertion that he appeared in the King Case through counsel "since its inception" in 2017 is categorically false. The Trustee was named as a "nominal defendant" in February 2019.

11 U.S.C. § 541(a), subject to administration by the Trustee as the sole legal representative of the Estate pursuant to 11 U.S.C. § 323," and that "the Trustee is now the sole person empowered to act with respect to the remaining claims against Serv Trust in the State Court Cases, which are now construed as claims against the Estate." The Trustee's baseless assertions can be found nowhere in the State Court Order entered by Judge Lease upon which the Trustee arguably relies. The Circuit Court also did not grant the King Parties (or any other party, including the Trustee) an interest in Serv Trust's property; a lien on Serv Trust's property; or the right to levy execution on Serv Trust's assets.

Pursuant to Md. Rule 2-602, the State Court Order is not a final judgment and ***has no force or effect*** in this Court or any other court. *See* Md. Rule 2-602 providing:

> **(a) Generally.** Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:
> (1) is not a final judgment;
> (2) does not terminate the action as to any of the claims or any of the parties; and
> (3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.
> **(b) When Allowed.** If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:
> (1) as to one or more but fewer than all of the claims or parties; or
> (2) pursuant to Rule 2-501 (f)(3), for some but less than all of the amount requested in a claim seeking money relief only.

(Emphasis in original).

**D. This Court's (Lipp, J.) prior findings of fact and conclusions of law are res judicata and the Settlement Motion must be dismissed as a matter of law.**

Serv Trust is a Maryland common law, irrevocable, spendthrift trust created in 2010 by Joan C. Myers (Myers's mother, now deceased) for the benefit of Myers's five children. Critically,

Myers was not the settlor of Serv Trust, and Myers has never been a beneficiary of Serv Trust.

Serv Trust is not a debtor in bankruptcy, did not file a proof of claim in this bankruptcy case, and Schlossberg is not Serv Trust's trustee. Accordingly, the Trustee possesses no authority whatsoever under the Bankruptcy Code or any other applicable non-bankruptcy law to tortiously interfere with Serv Trust's property and legal rights.

On September 28, 2018, this Court (Lipp, J.) made the following "Findings of Fact":

- "Serv Trust is a trust that was created by Myers' mother for the benefit of Myers' five children."
- "It is undisputed that Serv Trust was established to pay educational and other expenses related to Myers' children."
- "Serv Trust has a 50% interest in a Maryland limited liability company named 6789 Goldsboro LLC."

On September 28, 2018, this Court (Lipp, J.) made the following "Conclusions of Law":

- Mr. Myers did not transfer or conceal any property "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under [U.S. Code: Title 11]."

**E. The *Order Sustaining Debtor's Objection to Proof of Claim 3 Filed by Brian King & Cristina King* in Myers's Florida Bankruptcy Case is res judicata in the Circuit Court and in this Court.**

On June 29, 2021, the Florida Bankruptcy Court entered an *Order Sustaining Debtor's Objection to Proof of Claim 3 Filed by Brian King & Cristina King [Doc. No. 84]* which states:

> **ORDERED:**
>
> 1. The Objection to Proof of Claim 3 filed is SUSTAINED.
>
> 2. The claim of Brian King & Cristina King is disallowed in its entirety.

(Emphasis in original). The Order sustaining Myers's objection to the King Parties' claims against him (including any claims in the state court litigation) is a final and unappealable order that is *res judicata* in the state court action and in this Court with respect to any claims by the King Parties

(and anyone in privity with the King Parties).

Relevant here, Maryland law recognizes the "Frow doctrine." *See Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), holding:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

(Emphasis supplied). That is precisely the situation here.

**F. The relief requested by the Trustee requires that he file an Adversary Proceeding.[4]**

It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. *See, e.g., Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

Bankruptcy Rule 7001 enumerates certain types of matters that must be filed as an adversary proceeding, including "(1) a proceeding to recover money or property, other than a

[4] The Trustee acknowledges in the Notice that he is barred from removing the King Case to this Court. *See* Bankruptcy Rule 9027; *Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009).

proceeding to compel the debtor to deliver property to the trustee," Fed. R. Bankr. P. 7001(1), and "(7) a proceeding to obtain an injunction or other equitable relief." Fed. R. Bankr. P. 7001(7). The Trustee's request to xxxx unquestionably must be brought as an adversary proceeding. *See, e.g., Harman v. First Am. Bank of Md. (In re Jeffrey Bigelow Design Group, Inc.)*, 956 F.2d 479, 482 n.1 (4th Cir. 1992) ("A proceeding to recover money [or property] is an adversary proceeding."); *In re Rollins*, 175 B.R. 69, 73 (E.D. Cal. 1994) ("Federal Rule of Bankruptcy Procedure 7001(1) requires that any proceeding to recover money [or property] be brought as an adversary proceeding."). Likewise, here, the Trustee's Settlement Motion is a request for equitable relief that requires an adversary proceeding. *See In re Mitchell,* 44 B.R. 485, 491 (Bankr. N.D. Ala. 1984) ("A proceeding to obtain an accounting is generally an equitable proceeding" subject to Bankruptcy Rule 7001); *In re Turner*, Case No. 02-62636-JPK (Bankr. N.D. Ind. Feb. 9, 2010) ("the debtor's request falls within the provisions of Fed. R. Bankr. P. 7001(7) - 'a proceeding to obtain . . . other equitable relief', *i.e.*, an accounting as to the amount the debtor was required to pay or have paid to a creditor").

To the extent the Trustee now seeks to take away Serv Trust's rights (i.e., the beneficiaries' rights), the Trustee must file an adversary proceeding and the beneficiaries must be joined as defendants and served with a summons in order to afford them fundamental due process. *See Cen-Pen Corp. v. Hanson,* 58 F.3d 89, 93 (4th Cir. 1995) (where an adversary proceeding "is required to resolve the disputed rights of third parties, the potential defendant has the right to expect that the proper procedures will be followed"). *See also Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 207 (1988) (explaining that courts cannot deviate from the procedures "specified by the Code," even when they sincerely "believ[e] that ... creditors would be better off").

The Trustee's proposed settlement does not lie here where a *bona fide dispute* exists as to the existence, magnitude or identity of the subject *res* (like here). *See In re Collins*, 2018 WL 878877, *1, *6 (Bankr. E.D. N.Y. 2018), where the chapter 7 trustee filed a complaint seeking the turnover of a trust corpus from the co-trustees and an accounting for the property or its value pursuant to section 542(a). The corpus consisted of non-residential real estate and a 70% interest in a corporation. The chapter 7 trustee asserted that the trust corpus had vested in the debtor on the death of the grantor's spouse. The co-trustees moved to dismiss. The bankruptcy court denied the motion, but sua sponte ordered the chapter 7 trustee to amend, pursuant to Bankruptcy Rule 7019, to join the grantor of the trust, both because she might have an interest in the trust ***and because the beneficiaries' respective interests in the trust were at issue***. *See also In re Brizinova*, 588 B.R. 311, 329 (Bankr. E.D. N.Y. 2018), where debtor owned shares of stock in a company which sold auto parts on the internet. The chapter 7 trustee sought turnover of proceeds of such sales. The bankruptcy court dismissed the turnover count of the trustee's complaint, because the debtor's ownership of the corporate "shares [did] not give her legal title to, or an ownership interest in, [the corporation's] assets." Thus, neither the auto parts inventory nor the proceeds arising from the sale of it were estate assets subject to turnover.

*See also Venn v. Kinjite Motors Inc. (In re WMR Enters. Inc.)*, 163 B.R. 887, 889 (Bankr. N.D. Fla. 1994) (dismissing a complaint for lack of subject matter jurisdiction because "[w]hat this court actually seeks is the equitable enforcement of rights under the contracts between the former debtor and the defendant"); *In re Chapman*, 2018 WL 4620719, *1, *3, *8 (Bankr. S.D. Tex. 2018) (bankruptcy court concluded that it lacked subject matter jurisdiction over the proceeding because the ownership of the property was in dispute).

Here, the Trustee's Settlement Motion must be dismissed as a matter of law. *See, e.g., In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) ("A turnover proceeding commenced by motion rather than by complaint will be dismissed"); *Mayex II Corp. v. Du-An Prods., Inc. (In re Mayex II Corp.)*, 178 B.R. 464, 467 (Bankr. W.D. Mo. 1995) (holding that turnover motion would be dismissed where Chapter 11 debtor requested relief by motion, as opposed to properly filed complaint); *In re Ace Indus., Inc.*, 65 B.R. 199, 200 (Bankr. W.D. Mich. 1986) ("[D]ebtor's motion should have been brought as an adversary proceeding…Accordingly, debtor's motion is dismissed with instructions to file an appropriate complaint.").

*Arguendo*, even if the Trustee does file the statutorily mandated adversary complaint, it is still the case that Serv Trust's property "does not become 'property of the estate until it has been recovered by the estate.'" *In re BMT-NW Acquisition, LLC*, 582 B.R. 846, 865–866 (Bankr. D. Del. 2018), quoting Collier on Bankruptcy, ¶ 542.03 (16th ed. 2010), and *In re Conex Holdings, LLC*, 518 B.R. 792, 801, 60 Bankr. Ct. Dec. (CRR) 58, 114 A.F.T.R.2d 2014-6439 (Bankr. D. Del. 2014). *See also In re Kittery Point Partners, LLC*, where the Court held that there could be no serious dispute that the chapter 11 debtor's resort to Code section 542 was ***inappropriate*** because any payments made on a note and mortgage that the debtor sought to recover "would only become property of the estate upon avoidance of the Note and Mortgage" citing *In re Ang*, 2018 WL 1613573, *14 (Bankr. D. Me. 2018) (action dismissed for failure to state a claim).

ntil such time as the *alleged* estate property has been *recovered* by the estate, the trustee (Schlossberg) has no jurisdiction or authority to administer the *alleged* estate property (i.e., Serv Trust's property).

**G. The Circuit Court has no power or authority to "impose" a stay under 11 U.S.C. § 362 where none exists.**

The Circuit Court's Order, *inter alia*, states "all further proceedings in this case are stayed pursuant to the provisions of Section 362 of Title 11 of the United States Code, with all such proceedings constituting proceedings within the scope of those set forth in Section 157(b) of Title 28 of the United States Code." That ruling is **erroneous** as the automatic stay in Myers's Maryland bankruptcy case **terminated in 2018 for all purposes**. Arguendo, only this Court has the power to reimpose the automatic stay under 11 U.S.C. § 362, and then only upon motion and a noticed hearing to all parties in interest.

The Circuit Court also does not have the power or authority to "constitute" proceedings that are held in Montgomery County Circuit Court to be "within the scope of those set forth in Section 157(b) of Title 28 of the United States Code." I'm pretty sure only Congress can do that.

**H. The Serv Trust appeal in the Fourth Circuit Divests this Court of Jurisdiction to Consider the Settlement Motion.**

Even if a motion was the proper vehicle to obtain relief, this Court still could not reach the merits of the Settlement Motion as Serv Trust's property and rights are currently the subject of an appeal to the United States Court of Appeals for the Fourth Circuit (USCA4 Appeal: 20-2309). As result, this Court has been divested of jurisdiction over the instant action. *See In re Howes*, 563 B.R. 794, 806 (D. Md. 2016) ("Generally, the filing of a notice of appeal divests a bankruptcy court of its 'control over those aspects of the case involved in the appeal'") (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*)); *see also In re Bradshaw*, 284 B.R. 520, 523 (Bankr. D. Mass. 2002) ("Once a notice of appeal is filed, no lower court should be able to vacate or even modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal...The rationale for this rule is the avoidance of confusion and waste of time that might result from putting the same issues before two courts at the same time.") (quoting *In re Emergency Beacon Corp.*, 58 B.R. 399, 402 (Bankr. S.D.N.Y. 1986)).

Therefore, as a matter of law, this Court lacks jurisdiction to consider the Settlement Motion.

## II. ARGUMENT

The Settlement Motion is not a proper exercise of business judgment by the Trustee and falls below the lowest point in the range of reasonableness. The Trustee has the burden of proof on the Settlement Motion, and the Debtor intends to show at an evidentiary hearing on the Settlement Motion that the Trustee cannot meet that burden.

Because the Settlement Motion is clearly fraudulent, the Court should not apply any business judgment rule deference. *See*, *In re Dalen*, 259 B.R. 586, 612–13 (Bankr. W.D. Mich. 2001) (deference inappropriate, for example, where "the certainty of a quick and substantial fee from a settlement unduly influenced the Chapter 7 trustee in her decision to compromise an important claim owned by the estate.")

The essential inquiry is to determine whether the settlement reached by the parties is fair and equitable and in the best interests of the estate." *In re Nagle*, No. 05-42227-WIL, 2006 WL 4458701, at *3 (Bankr. D. Md. Dec. 18, 2006) (internal citations omitted). Under the facts and circumstances outlined in detail above, this Court is precluded as a matter of law from finding that the Settlement Motion is "fair and equitable and in the best interests of the estate" (unless this Court condones civil theft).

The Court should also consider the effect of the settlement on third parties. *In re Devon Capital Mgmt., Inc.*, 261 B.R. 619, 623 (Bankr. W.D. Pa. 2001) ("Even if a settlement is fair and equitable to the parties to the settlement, approval is not appropriate if the rights of others who are not parties to the settlement will be unduly prejudiced. We must determine that "no one has been set apart for unfair treatment." (citing *Cullen v. Riley (In re Masters Mates and Pilots*

*Pension Plan),* 957 F.2d 1020, 1026 (2d Cir.1992)); *see also, In re Med. Asset Mgmt., Inc.*, 249 B.R. 659 (Bankr. W.D. Pa. 2000) (proposed settlement could not be approved, as not being fair and equitable to unsecured creditors or to debtor's officers and director.) "Ignoring the effect of a settlement on rights of third parties "contravenes a basic notion of fairness." *Devon Capital Mgmt., Inc.*, 261 B.R. at 623, quoting *In re AWECO,* 725 F.2d 293, 298 (5th Cir. 1984).

Here, the settlement is not fair to the Serv Trust beneficiaries as their due process rights have been violated. *See Cen-Pen Corp. v. Hanson,* 58 F.3d 89, 93 (4th Cir. 1995) (where an adversary proceeding "is required to resolve the disputed rights of third parties, the potential defendant has the right to expect that the proper procedures will be followed").

**REQUEST FOR SANCTIONS**

Debtor respectfully request that the Court consider entering an Order directing the Trustee to show cause why sanctions should not be entered against him. Bankruptcy Rule 9011(c)(1)(B) permits the Court to "enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." Fed. R. Bankr. P. 9011(c)(1)(B). Subsection (b)(3) of Rule 9011 requires that in every written motion presented to the court, "the allegations and other factual contentions [shall] have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Bankr. P. 9011(b)(3). *See, e.g., In re Sessoms*, 2012 WL 14267 (Bankr. E.D.N.C. Jan. 4, 2012) ("because of the complete lack of evidentiary support, [movant] is ordered to show cause why it should not be sanctioned for filing a baseless motion for relief from the automatic stay, pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(1)(B)").

In these circumstances, the issuance of a show cause order under Rule 9011(c)(1)(B),

followed by the imposition of sanctions, as may be necessary, will deter future misconduct of this sort by the Trustee and also will "deter repetition of such conduct or comparable conduct by others similarly situated." *See* Fed. R. Bankr. P. 9011(c)(2). At a minimum, however, the Court should not countenance the filing of a motion which is patently frivolous and should utilize its available tools to protect the judicial process from continued abuse by this Trustee, including a referral to the Department of Justice.

Alternatively, the Respondents request that the Court consider imposing sanctions against the Trustee and his counsel pursuant to 28 U.S.C. § 1927 and/or the Court's inherent authority. *Clubs v. Iron Gate Inn, Inc.*, 537 A.2d 1123 (D.C. 1988) ("It is difficult to imagine a case in which a claim wholly without color could be asserted without an improper motive.").

Debtor further requests that the Court enter an Order pursuant to Fed. R. Bankr. P. 9011(c)(1)(B) directing the Trustee to show cause why sanctions should not be entered for filing a patently frivolous motion based on a factual premise completely lacking in evidentiary support.

**REQUEST FOR EVIDENTIARY HEARING**

In the unlikely event that this Court does not dismiss the Settlement Motion with prejudice, the Debtor hereby requests an evidentiary hearing and demands strict proof on the substance and merits of the Trustee's Settlement Motion.

**WHEREFORE**, for the foregoing reasons, the Debtor respectfully requests that the Court dismiss the Trustee's Settlement Motion, with prejudice, and consider entering an Order pursuant to Fed. R. Bankr. P. 9011(c)(1)(B) directing the Trustee to show cause why sanctions should not be entered against him for filing a patently frivolous motion based on a factual premise completely lacking in evidentiary support.

RESPECTFULLY SUBMITTED on this 27th day of February, 2023.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2023, a copy of the foregoing DEBTOR'S MOTION TO DISMISS OR STRIKE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST, OR, IN THE ALTERNATIVE, OPPOSITION TO SAID MOTION was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2067
Hagerstown, MD 21742

Gregory B. Myers, *pro se*