**EXHIBIT A**

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

| | |
|---|---|
| **BRIAN KING, *et al.*,** | |
| **Plaintiffs,** | |
| **v.** | **Case No.: 436977V** |
| **SERV TRUST, *et al.*,** | |
| **Defendants.** | |
| **6789 GOLDSBORO ROAD LLC,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 451611V** |
| **SERV TRUST, *et al.*,** | |
| **Defendants.** | |

**DEFENDANT SERV TRUST'S MOTION FOR**
**A NEW TRIAL OR TO VACATE, ALTER, OR AMEND JUDGMENT**

Defendant, SERV TRUST ("Serv Trust" or "Defendant"), moves, pursuant to Md. Rules 2-533, 2-534, and 2-535, for a new trial or to alter/amend/strike/reconsider, and/or vacate the Court's January 12, 2023, *Order Entering Partial Judgment and Stay* (the "Order") granting (1) judgment in favor of Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties" or "Plaintiff"), and against Serv Trust, on all claims set forth in the Second Amended Counterclaim filed by Serv Trust; and (2) judgment in favor of the Plaintiff's on Count II of the First Amended Complaint for Declaratory Judgment (the "Alter Ego Declaratory Claim"), together with findings of fact and conclusions of law resulting from the January 3, 2023 trial. In support, Defendant Serv Trust states as follows:

## INTRODUCTION

The Court should vacate its January 12, 2023, Order and order a new trial because of substantial procedural irregularities and fundamental unfairness to Serv Trust. This matter was originally set for a ten-day *jury trial* on July 19, 2021, and the parties filed motions that were scheduled to be resolved before the trial. The Court never decided those pretrial motions and stayed the case on July 1, 2021, pending the resolution of Defendant Gregory B. Myers's Florida Chapter 13 bankruptcy proceeding (the "Florida Bankruptcy Case"). This Court lifted the stay 13 months later on August 1, 2022.

Thereafter, Gregory Myers ("Mr. Myers" or "Defendant Myers") filed several other motions that were never decided. At some point (not reflected on the case docket sheet), the Court set a three-day *bench trial* for January 3, 2023, but without any notice from the Court to Serv Trust.[1] Serv Trust did not appear at trial. That resulted in a one-sided proceeding where the Court granted Plaintiff significant relief pursuant to Md. Rule 2-519, even though the trial was more like a default judgment proceeding.

Moreover, Serv Trust filed a demand for jury trial for all claims asserted in the above-captioned action that are triable of right by a jury (Dkt. #32). Adjudication of Serv Trust's Second Amended Counterclaim by the Court via a bench trial deprived Serv Trust of its constitutional right to a trial by jury on its legal claims. Maryland and federal law are clear that, in cases such as this one, the Court must consider the legal claims prior to deciding the equitable

[1] Undersigned counsel has reviewed a recording of a brief hearing held on December 16, 2022. From that recording, it is apparent that the participants in the hearing (which did not include counsel for, or a representative of, Serv Trust) were aware of a January 3, 2023, trial date, despite the fact that there is nothing on the case docket sheet indicating the scheduling of that date for a trial. The recording also reflects the Court's view that, because all claims against Mr. Myers were stayed, the motions Mr. Myers filed were not ripe for resolution.

claims. "Where both legal and equitable issues are presented in single case, only under most imperative circumstances can right to jury trial of legal issues be lost through prior determination of equitable claims." *Higgins v. Barnes,* 310 Md. 532, 550-51 (1987). A "[t]rial court may not deny defendant right to jury trial on legal issues presented by counterclaim simply because counterclaim is raised in an equitable action." *Id.* Indeed, Maryland's law on declaratory judgments states that: "The fact that a proceeding is brought under this subtitle does not affect a right to jury trial which otherwise may exist." Md. Code, *Cts.* & *Jud. Proc.* § 3-404.

Had Serv Trust been properly notified of the trial; permitted to defend the claims against it; and allowed to prove its counterclaims against Plaintiff; the result at a jury trial would have been markedly different. For the reasons stated below, the Court should vacate its judgment and order a new trial.

**PROCEDURAL BACKGROUND**

This case was filed on September 14, 2017. Serv Trust answered and filed a Second Amended Counterclaim on January 10, 2019. On January 28, 2019, Plaintiff filed a Motion to Dismiss the Second Amended Counterclaim. On April 19, 2019, the Court denied Plaintiff's Motion to Dismiss. Plaintiff's Answer was due 15 days from that date per Md. Rule 2-321(c). Plaintiff, however, *never filed an answer* to the Second Amended Counterclaim.

On September 19, 2019, Serv Trust filed two motions *in limine* to preclude certain evidence and testimony. The Court never ruled on those motions. On October 11, 2019, Defendant Myers filed a motion to disqualify counsel, which the Court also never decided. On November 8, 2019, Serv Trust filed a motion to reopen discovery and motion for leave to amend its expert witness designation. Neither motion was ever ruled upon. On November 8, 2019, Serv

Trust filed a motion to strike Roger Schlossberg as a nominal Defendant, which the Court never decided.

On September 2, 2020, the Court (Greenberg, J.) granted Souza Law, LLC's motion to withdraw as counsel for Serv Trust. Thereafter, Serv Trust was not represented by counsel.

On January 25, 2021, the Court scheduled a 10-day jury trial to start on July 19, 2021. On January 28, 2021, the Court's docket reflects the following Order:

> ORDER OF COURT (LEASE, J.) THAT A MOTIONS HEARING ON DEFENDANT GREGORY MYERS' MOTION TO REOPEN DISCOVERY (DE 206) AND DEFENDANT SERV TRUST'S MOTION TO REOPEN DISCOVERY (DE 226) BE AND IS HEREBY SCHEDULED FOR FEBRUARY 25, 2021 AT 2:30 P.M. FOR ONE HOUR; THAT A HALF-DAY MOTIONS HEARING BE AND IS HEREBY SCHEDULED FOR APRIL 1, 2021 AT 1:30 P.M. FOR ALL REMAINING OPEN MOTIONS AND THAT THE TRIAL DATE BE AND IS HEREBY SCHEDULED FOR JULY 19, 2021 FOR TEN DAYS, ENTERED.

The Court's docket sheet does not indicate that a motions hearing took place on either February 25, 2021, or on April 1, 2021.

On July 1, 2021, the Court stayed this action in its entirety pending resolution of Defendant Myers's Florida Bankruptcy Case. Thirteen months later, on August 1, 2022, the Court made an entry on the docket "Bankruptcy Removed against Gregory B. Myers" and entered a copy of the order modifying stay entered in Defendant Myers's Florida Bankruptcy Case, but the Court did not, at that time, set a new trial date. Mr. Myers resigned as a co-trustee of Serv Trust on May 31, 2022; thus, only one trustee and representative of Serv Trust remained when this Court decided to proceed on August 1, 2022, and that is Daniel J. Ring ("Mr. Ring").

On December 12, 2022, Mr. Myers filed a motion to disqualify the judge; a motion to bifurcate; a motion to dismiss for lack of subject matter jurisdiction; a motion for an emergency stay; and on December 14 filed a motion to strike motion for order of default. On December 20,

2022, 6789 Goldsboro LLC ("Goldsboro"), filed a motion to hold Defendant Myers's five pending motions in abeyance pending termination of the automatic stay in the Florida Bankruptcy Case. On January 3, 2023, the Court orally ruled from the bench that it had denied Mr. Myers's motion to disqualify the judge, and further, granted Goldsboro's motion to hold the other four motions filed by Mr. Myers in abeyance. Accordingly, those motions were never decided.

There is no entry on the case docket sheet indicating that a January 3, 2023, trial would take place. There is no indication on the docket sheet that the Court provided notice to a Serv Trust representative of the January 3, 2023, trial date. Serv Trust did not attend the trial, cross examine witnesses, or provide evidence and testimony on its behalf. Thus, the Court ruled in favor of Plaintiff after hearing only Plaintiff's one-sided presentation of the evidence on January 3, 2023.

On January 12, 2023, the Court entered an Order granting (1) judgment in favor of Plaintiff, and against Serv Trust, on all claims set forth in the Second Amended Counterclaim filed by Serv Trust; and (2) judgment in favor of Plaintiff on Count II of the First Amended Complaint for Declaratory Judgment (the "Alter Ego Declaratory Claim"), together with findings of fact and conclusions of law ostensibly resulting from the January 3, 2023 trial. For the following reasons, the Court should vacate its Order and set a date for a new trial.[2]

[2] Undersigned counsel was retained on January 20, 2023, and, thus, had a very limited time to master a complicated and rather voluminous set of facts and legal issues. If counsel later discovers any material errors in the foregoing factual recitation, counsel will supplement this Motion as appropriate.

## ARGUMENT

### I. Standards.

Md. Rule 2-533 provides (in relevant part) the following with respect to a motion for a new trial:

> (a)Time for Filing. Any party may file a motion for new trial within ten days after entry of judgment. . . .
>
> * * *
>
> (b) Grounds. All grounds advanced in support of the motion shall be filed in writing within the time prescribed for the filing of the motion, and no other grounds shall thereafter be assigned without leave of court.
>
> (c) Disposition. The court may set aside all or part of any judgment entered and grant a new trial to all or any of the parties and on all of the issues, or some of the issues if the issues are fairly severable. If a partial new trial is granted, the judge may direct the entry of judgment as to the remaining parties or issues or stay the entry of judgment until after the new trial. . . .

The Court of Appeals has held that a trial court must exercise its discretion to grant a new trial liberally "lest technicality triumph over justice." *J.B. Corp. v. Fowler*, 258 Md. 432, 435 (1970) (quoting *Eshelman Motors Corp. v. Scheftel*, 231 Md. 300, 301 (1963)); *see also Haskell v. Carey*, 294 Md. 550, 558 (1982):

> A number of factors may enter into the exercise of that discretion, but certainly, when the court is reliably informed, without contradiction from an opposing party, that its judgment was based on a clear mistake made by court personnel and was erroneous as a matter of law, that it was based solely on the nonappearance of a person who was never properly notified of the hearing, and that there is an arguably meritorious claim or defense, it is an abuse of discretion not to strike the judgment and allow further proceedings.

*Williams v. Housing Authority of Baltimore*, 361 Md. 143, 153 (2000).

Md. Rule 2-534 provides the following with respect to motions to alter or amend a judgment:

> In an action decided by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence,

> may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial. A motion to alter or amend a judgment filed after the announcement or signing by the trial court of a judgment but before entry of the judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket.

On a motion to alter or amend a judgment, the relevance of an asserted legal error, of substantive law, procedural requirements, or fact-finding unsupported by substantial evidence, lies in whether there has been an abuse of discretion. *Miller v. Mathias*, 428 Md. 419, 438 (2012). A trial judge's discretion on a motion to alter or amend judgment is more than broad; it is virtually without limit. *Steinhoff v. Sommerfelt*, 144 Md. App. 463, 484 (2002).

Md. Rule 2-535 provides the following as to the Court's Revisory Power:

> (a) Generally. On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2-534. A motion filed after the announcement or signing by the trial court of a judgment or the return of a verdict but before entry of the judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket.
>
> (b) Fraud, Mistake, Irregularity. On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity.
>
> (c) Newly-Discovered Evidence. On motion of any party filed within 30 days after entry of judgment, the court may grant a new trial on the ground of newly-discovered evidence that could not have been discovered by due diligence in time to move for a new trial pursuant to Rule 2-533.
>
> (d) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record may be corrected by the court at any time on its own initiative, or on motion of any party after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed by the appellate court, and thereafter with leave of the appellate court.
> Non-final orders are subject to revision without limitation.

Once fraud, mistake, or irregularity has been shown, the court may vacate a judgment upon consideration of equitable factors, including whether the moving party has shown that he

has acted in good faith and with ordinary diligence, and that he has a meritorious cause of action or defense, as the case may be. *Davis v. Attorney General*, 187 Md. App. 110, 124 (2009). It is an abuse of discretion for trial court to refuse to set aside a default judgment where moving party has shown a reasonable indication of a meritorious defense or other equitable circumstances that would justify striking judgment. *Berkson v. Berryman*, 63 Md. App. 134, 145 (1985).

## II. The Court should vacate the January 12 Order because of procedural irregularities and unresolved pending motions.

### A. The Court never notified Serv Trust of the privately scheduled trial date.

There is nothing on the Court's docket sheet indicating that the Court provided Serv Trust with notice of the January 3, 2023, trial date. Attached as **Exhibit A** is the Affidavit of Daniel J. Ring, who swears under penalty of perjury that Serv Trust never received notice from the Court of the trial date. For that reason alone, the January 12, 2023, Order should be vacated and the Court should order a new trial. *Triplin v. Jackson*, 326 Md. 462, 464 (1992) (holding that trial court abused its discretion in denying defendants motion to strike and/or revise default judgment against them, where defendants' timely motion was supported by affidavits in which they swore they "never received a notice of the trial date from the clerk of the circuit court").

Not only was Serv Trust not served with notice for the January 3, 2023, trial, there is no order on the docket sheet setting a January 3, 2023, trial date.[3] Thus, the public was not notified of the scheduling of the trial. Failing to notify the interested parties, or the public in general, of the scheduling of an upcoming trial is inconsistent with the presumption of openness in criminal and civil trials in Maryland. *See Baltimore Sun Co. v. Mayor and City Council of Baltimore*, 359

[3] Note that this also constitutes an "irregularity" under Md. Rule 2-535(b). *Mercy Medical Center, Inc. v. United Healthcare of the Mid-Atlantic, Inc.*, 815 A.2d 886, 909 (2003).

Md. 653, 660–61 (2000) (outlining the history of the presumption of openness in criminal and civil trials, starting with the common law of England).

The Court was aware of this omission as of December 5, 2022, where in it issued the following "NOTICE REGARDING REQUEST FOR DEFAULT ORDER" in this case, which mandated notification of Serv Trust at its last known address:

To: ERIC JOSH PELLETIER
OFFIT KURMAN PA
7501 WISCONSIN AVENUE
SUITE 1000W
BETHESDA MD 20814

Case Number: 436977V
Other Reference Number(s): 451611V

BRIAN KING, ET AL. VS. SERV TRUST, ET AL.

Date: 12/5/2022

NOTICE REGARDING REQUEST FOR DEFAULT ORDER

The moving party is hereby notified that a default order will not be entered until the following items have been complied with:

- ☒ **A written request for an Order of Default stating the last known address of the Defendant, Serv Trust, must be filed. (See Md. Rule 2-613(a).)**
- ☐ Pursuant to 50 USC 3931(b) please file a military affidavit including necessary facts to support the affidavit dated within the last six months and signed by someone other than the attorney of record.
- ☒ **A copy of the summons served on the Defendant, Serv Trust, must be filed pursuant to Md. Rule 2-126(e).**
- ☒ **Proof of service must be filed. (See Md. Rules 2-121, 2-122, 2-123 and 2-126.)**
- ☐ Affidavit as to proof of mailing of a copy of the Notice by Posting or Publication to the Defendant's last known address at least 30 days prior to the response date must be filed pursuant to Md. Rule 2-122(b) and Md. Rule 2-126(b).
- ☐ Service of the Supplemental/Amended Complaint by regular mail is not sufficient. (See Md. Rule 1-3219(c).)
- ☐ An amended affidavit of service must be filed to indicate:
- ☐ Other:

Note: These documents must be filed with the Clerk's Office. Please submit the documents requested above to the Civil Clerk's Office with a line requesting that this motion be resubmitted for consideration. Any questions please call the Administrative Aides Office at 240-777-9035 or 240-777-9106.

12/5/2022 — Date
GP — Administrative Judge

## B. No trial should have taken place until the Court disposed of all pending pre-trial motions (or at least all pending motions not filed by Mr. Myers).

Pre-trial motions serve an important function in that they can narrow and frame the issues that genuinely require a trial and they can resolve disputes that can impair the fairness of a trial. At the time of the January 3, 2023, trial, the following substantive pre-trial motions were pending and awaiting disposition:

| Date | Motion |
|---|---|
| September 19, 2019 | Serv Trust's two Motions *in limine* to preclude evidence/testimony |
| October 11, 2019 | Mr. Myers's Motion for disqualification of counsel |
| November 8, 2019 | Serv Trust's motion to reopen discovery and motion for leave to amend expert witness designation |
| November 8, 2019 | Serv Trust's Motion to Strike Roger Schlossberg as a nominal Defendant |
| December 12, 2022 | Mr. Myers's Motion to disqualify judge; motion to bifurcate; motion to dismiss; motion for an emergency stay |
| December 14, 2022 | Mr. Myers's motion to strike motion for order of default |
| December 20, 2022 | Goldsboro's Motion to hold debtor's five pending motions in abeyance pending termination of the automatic stay |

The fully briefed and pending motions filed by Serv Trust (even if it was without counsel at trial) should have been decided before trial and certainly before entering judgment against Serv Trust. The Court scheduled hearings for the Serv Trust motions in 2021, but those hearings never took place. When the trial was rescheduled, the pending Serv Trust motions were not addressed, at least not on the Court's docket sheet.

**c. Plaintiff never answered Serv Trust's Second Amended Counterclaim.**

On January 10, 2019, Serv Trust filed its Second Amended Counterclaim against Plaintiff. On January 28, 2019, Plaintiff filed a Motion to Dismiss Second Amended Counterclaim. On April 19, 2019, Plaintiff's Motion to Dismiss the Second Amended Counterclaim was denied. Plaintiff's Answer was thus due 15 days from this date per Md. Rule 2-321(c). Plaintiff did not file an Answer to Serv Trust's Second Amended Complaint within the fifteen-day deadline or at any time thereafter.

The function of pleadings is (1) to frame the issues the Court must determine; and (2) allegations and the response, or lack of response may establish facts as admitted or deemed

admitted for the purpose of the case. *See Vanhook v. Merchants Mut. Ins. Co.*, 22 Md. App. 22, 27 (1974). Thus, if any party was entitled to a default judgment in this case, a default judgment should have been entered in favor of Serv Trust on its counterclaim. At a minimum, the facts asserted in the counterclaim should have been deemed admitted due to the lack of answer. Had those facts been deemed admitted, Serv Trust would necessarily have prevailed on its counterclaim.

Instead, the Court's January 12, 2023, Order entered judgment "in favor of Brian King, Cristina King, and the Cristina and Brian King, Children's Trust (collectively, the "King Parties"), and against Serv Trust, on all claims set forth in the Second Amended Counterclaim filed by Serv Trust herein." That was error. The Court never should have scheduled a trial, much less decided the issues, given that Plaintiffs have never answered Serv Trust's counterclaim. At a minimum, the facts asserted in the counterclaim should have been deemed admitted.

## III. Serv Trust has meritorious defenses to Plaintiffs' claims.

Md. Rule 2-519(b) provides the following relating to motions for judgment filed during trial or after the close of evidence:

> Disposition. When a defendant moves for judgment at the close of the evidence offered by the plaintiff in an action tried by the court, the court may proceed, as the trier of fact, to determine the facts and to render judgment against the plaintiff or may decline to render judgment until the close of all the evidence. When a motion for judgment is made under any other circumstances, the court shall consider all evidence and inferences in the light most favorable to the party against whom the motion is made.

Because the Court did not provide Serv Trust with official notice of the January 3, 2023, trial, and Serv Trust did not appear at trial, the Court did not consider any evidence offered by Serv Trust. It was error to rule in favor of Plaintiff without considering evidence and testimony

from Serv Trust. *KKPP, LLC v. First Mountain Land, LLC*, 2022 WL 17413452, at *5 (Md. App. Dec. 5, 2022) (stating that "the Maryland Rules and caselaw contain a preference for a determination of claims on their merits; they do not favor imposition of the ultimate sanction absent clear support. And as a result, courts usually should exercise their discretion in favor of a defaulting party and allow a case to proceed on the merits is the party shows that it has a meritorious defense and excusable error") (cleaned up). Here, the Court's ruling had the effect of a default judgment, which is the kind of punitive sanction not warranted under the facts of this case.

**A. Plaintiff would have lost on the merits had a proper trial taken place because there is no evidence of fraud that would support an alter ego theory.**

Despite not taking any evidence or testimony from Serv Trust, the Court made the finding that "pursuant to the Alter Ego Declaratory Claim, and for those reasons stated on the record at the close of Trial, that Serv Trust is, and as of November 18, 2015 was, the alter ego of Gregory B. Myers ('Mr. Myers'), pursuant to Maryland law." That ruling appears to be unjustified given that there were no allegations of fraud against either Serv Trust or its former trustee, Gregory Myers.

"Alter-ego" is a theory of liability, typically applied with "great caution and reluctance," used to "pierce the veil" of corporeal entities to impose personal liability. *Hildreth v. Tidewater Equipment Co., Inc.*, 378 Md. 724, 735 (2003).[4] "The corporate veil will not be pierced to redress

[4] Undersigned counsel conducted a Westlaw search and failed to locate any reported Maryland state law case where a court imposed "alter ego" liability on a trustee or former trustee of a trust. The actions of trustees are typically scrutinized in terms of their fiduciary duties to trust beneficiaries regardless of whether the trusts in question were common law or statutory trusts. Thus, there is a serious question as to whether alter ego liability applies to trustees. There is no allegation that Serv Trust or any of its trustees owed any fiduciary duties to any plaintiff or that any of Serv Trust's assets were fraudulently conveyed to Myers.

the breach of a contractual obligation in the absence of fraud when the party seeking to pierce the corporate shield has dealt with that corporation in the course of its business on a corporate basis." *Serio v. Baystate Properties, LLC*, 209 Md. App. 545, 566 (2013); *see also Catonsville Eye Associates LLC v. Mah Mountain LLC*, 2023 WL 142162 at *9 (Md. App. Jan. 10, 2023). While Serv Trust is a Maryland common law trust and not a corporation, it bears noting that the King Parties have dealt extensively and continuously with Serv Trust since 2013 (over seven years) with respect to 6789 Goldsboro LLC, making numerous representations and affirmations as to the validity of the governing documents.

Here, the evidence at trial would have established that both the King Parties, as well as 6789 Goldsboro LLC, had been conducting continual business with Serv Trust and Mr. Myers for over seven years without incident or issue. The evidence would also have shown that there was no fraud on the part of Serv Trust or Mr. Myers. For example, on September 28, 2018, the United States Bankruptcy Court for the District of Maryland made a legal determination that Mr. Myers did not transfer or conceal any property "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under [U.S. Code: Title 11]." United States Bankruptcy Court for the District of Maryland Memorandum Opinion, Case No. 17-00193 at 36 (ECF Doc. No. 94) (Sept. 28, 2018):

> The United States Trustee does not prevail on Count V. There was insufficient evidence to conclude that Myers transferred estate assets to or for the benefit of his children or that he transferred assets to the attorneys retained by Kelly or to his joint creditors with the intent to hinder, delay or defraud creditors. . . . Moreover, his guaranty of Serv Trust's obligation to Goldsboro was not an asset of his bankruptcy estate.

The evidence at trial would have also revealed that Plaintiff's alter ego theory in their Amended Complaint lacked legal merit. The King Parties' position throughout the majority of

this and related litigation was entirely devoid of an alter ego theory. On September 23, 2019, the King Parties admitted to Judge Dwyer that neither Serv Trust nor Mr. Myers committed any fraud with respect to Serv Trust:

> MR. VERSTANDIG: **We're not suggesting a fraudulent conveyance**. We're suggesting an alter ego.

Civ. Case No. 436977, September 23, 2019, Motions Hearing transcript at 26 (emphasis added).

If there is no evidence or allegation of fraud, then there is no basis under Maryland law to justify a claim of "alter ego" because alter ego damages require a causal link between the misconduct and the harm suffered. A party can only be liable for the damages "caused" by that party's alleged misconduct. Here, there are no "alter-ego" damages based on fraud and, thus, no basis even to address the issue of alter ego liability.

Moreover, an "alter ego" determination does not give rise to an independent cause of action under Maryland law. Here, there is no "separate cause of action" to support a claim for "alter ego" (i.e., there is no monetary claim; there is no allegation of fraud). Had a proper adversarial trial been held, the Court would have found that a continued business relationship existed between the parties and no fraud on the part of any defendants had occurred, nullifying the need to address any alter ego theory.

### B. The Court erred in finding that Serv Trust was a statutory trust because the trial evidence would have established that it was a common law trust.

Serv Trust is a Maryland common law spendthrift trust. The Maryland Court of Appeals in *Duvall v. McGee*, 375 Md. 476, 484 (2003) addressed "spendthrift trusts" holding:

> In Maryland, it is well settled that "spend-thrift trusts" may be created. *E.g.*, *Brent v. State of Md. Cent. Collection Unit*, 311 Md. 626, 631 (1988); *Brown v. McGill*, 87 Md. 161, 163-164 (1898). **This Court first recognized the validity of "spendthrift" trusts in *Smith v. Towers*, supra, concluding that the income from, and corpus of, such trusts are not subject to attachment or garnishment in the hands of the trustee**.

(Emphasis added.)

There is no case in Maryland that extends the "alter ego" theory to common law spendthrift trusts.[5] Had the Court received evidence and testimony from Serv Trust, it would have ruled that the Serv Trust was a Maryland common law, spendthrift trust. The nature of a trust is determined by the trust creation documents. The Trust Agreement, dated July 21, 2010, has not been presented to the Court. It is, however, attached hereto as **Exhibit B**.

The trust document establishes that Serv Trust is a common law trust rather than a statutory trust. The original operating agreement of the LLC evidences Serv Trust as a common law trust. See attached **Exhibit C**. Only through a scrivener's error in drafting the amended operating agreement, which went unnoticed, was statutory trust language inserted. See attached **Exhibit D**. An error in a document relating to a different entity does did not somehow modify the trust creation documents or change the nature of the trust.

**IV. There is a serious question as to whether the Court had subject matter jurisdiction to conduct the trial or issue the Order in question.**

On December 16, 2022, the Court observed from the bench that trial could not proceed against Mr. Myers in any respect and, for that reason, the Court deemed his pending pretrial motions not ripe for resolution and he was not allowed to participate in the trial. Yet, somehow, a case went forward that determined that Serv Trust was his alter ego, which will inevitably result in personal ramifications for Mr. Myers. That does not seem correct. If the case against

---

[5] *See also* Md. *Est & Trusts Code* § 14.5-509: "Trust property is not subject to personal obligations of the trustee of the trust, even if the trustee becomes insolvent or bankrupt."; Md. *Est & Trusts Code* § 14.5-504: "A provision of a trust providing that the interest of a beneficiary is held subject to a 'spendthrift trust', or words of similar import, restrains both voluntary and involuntary transfer of the beneficiary's interest" and "A beneficial interest that is subject to a spendthrift provision may not be judicially foreclosed or attached by a creditor."

Mr. Myers was stayed, the Court necessarily had no power to make determinations what would impact Mr. Myers, especially a determination that would impact the scope of his bankruptcy estate.

Undersigned counsel has listened to oral presentations of the Trustee and other counsel, and their colloquy with the Court before trial started, and respectfully suggests that the issue is sufficiently complicated – legally, factually, and procedurally – that the Court should have asked for briefing and more carefully considered the significant subject matter jurisdiction question presented in this case. For this reason alone, the Court should vacate or at least suspend its Order until it can be more comfortable that it had the power to act as it did.

**V. Serv Trust was denied its constitutional right to a jury trial.**

Serv Trust requested, but was not accorded, a right to a jury trial. This denial of its constitutional right should be sufficient for the Court to vacate its Order and order a new trial.

**CONCLUSION**

WHEREFORE, Defendant respectfully requests that this Court order that (1) the January 12, 2023, Order is vacated; and (2) Plaintiffs are required to answer Serv Trust's Second Amended Complaint. The Court should grant Serv Trust's Motion for a New Trial, but not set a trial date until such time as it rules on all currently pending motions and satisfies itself as to the serious subject matter jurisdiction questions this case presented.

Dated: January 23, 2023

Respectfully submitted,

*/s/ Laurin H. Mills*

Laurin H. Mills (CPF #8912190096)
Samek Werther & Mills, LLC
2000 Tower Oaks Blvd., Ste. 200
Rockville, MD 20852
laurin@samek-law.com
(703) 547-4693
*Counsel for Serv Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that January 23, 2023, the foregoing was filed via Odyssey File & Serve and a copy was served via electronic mail upon the following:

Greg Myers
700 Gulf Shore Blvd. N.
Naples, FL 34102
gregbmyers@verizon.net

Eric Josh Pelletier
Offit Kurman PA
7501 Wisconsin Avenue
Suite 1000W
Bethesda, MD 20814
240.507.1700
epelletier@offitkurman.com
*Counsel for 6789 Goldsboro, LLC*

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
(301) 444-4600
mac@mbvesq.com
*Counsel for the King Parties*

Timothy Lynch
300 E. Lombard Street
Suite 2010
Baltimore, MD 21202
410.209.6436
tlynch@offitkurman.com

Daniel Ring, CPA
3158 Braverton St. # 206
Edgewater, MD 21037
*Trustee, Serv Trust*

Frances Wilburn, Esq.
Offit Kurman, P.A.
4800 Montgomery Lane
Suite 900
Bethesda, MD
fwilburn@offitkurman.com

Frank J. Mastro
Roger Schlossberg
Schlossberg | Mastro
Attorneys at Law
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
FMastro@schlosslaw.com
RSchlossberg@schlosslaw.com
*Bankruptcy Trustee*

*/s/ Laurin H. Mills*
Laurin H. Mills