**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPPOSITION TO OBJECTIONS TO CLAIMS OF BRIAN KING, CRISTINA KING AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST**

Come now Brian King ("Mr. King"), Cristina King ("Mrs. King"), and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (the "Trustee of the Children's Trust," with the trust itself being known as the "Children's Trust") (Mr. King, Mrs. King, and the Trustee of the Children's Trust being collectively known as the "King Parties" or "Respondents" and each sometimes being known as a "King Party" or "Respondent"), by and through undersigned counsel, in opposition to the claim objections (the "Objections") filed by Gregory B. Myers ("Mr. Myers" or the "Debtor") and state as follows:

## I. Introduction

The King Parties are the Class A members of a single asset real estate entity ("Goldsboro"). Serv Trust—a trust that has now been adjudicated to be the alter ego of the Debtor—was formerly the Class B member of Goldsboro. The King Parties maintain the Class B interest to have been redeemed by operation of law, and to thusly no longer hold any interest in Goldsboro. To confirm as much, the King Parties have brought suit against Roger Schlossberg, in his official capacity as chapter 7 trustee of the Debtor's estate (the "Trustee"). Since the gravamen of their suit is that a former asset of the Debtor (held in the name of his alter ego) was redeemed by operation of law, the King Parties recognized such could be construed as an equitable claim against the Debtor's estate and elected to file proofs of claim.

The proofs of claim (the "Proofs of Claim," as found at entries 21-23 in the claims register) are each for $0.00—admittedly an oddity. These were filed not to assert any economic claim against the estate but, rather, so as to ensure a parallel adversary proceeding not skirt substantive adjudication on the theory that any claims have been waived. Since that parallel adversary proceeding (the "Adversary Proceeding," being case number 24-00007-MCR in this Honorable Court) is now the subject of a proposed compromise, the Proofs of Claim stand on the precipice of being moot.

That the Debtor now objects to the Proofs of Claim—well more than a year after they were filed, and only after a motion to ratify a compromise of the Adversary Proceeding was docketed—strikes as unusual. These are not monetary claims but, rather, mere vehicles for the adjudication of a dispute concerning the redemption of an asset formerly belonging to the Debtor through his alter ego; assuredly, permitting such a dispute to be adjudicated—or, as here, amicably resolved—is in the best interests of all parties in interest. And there is thusly at least a hint of mischief in the Objections, with the filings appearing to be pretextual collateral attacks on a proposed compromise more than genuine disputes with the form of three claims that each seek $0.00.

In support of the Objections, the Debtor posits (i) requisite accompanying documents are not affixed to the claims register entries; (ii) there is no monetary connection between Serv Trust and the Debtor's estate; and (iii) the Claims are time-barred. The Debtor also broadly insists the Claims to be "counterfactual and legally meritless" for reasons set forth in various exhibits, though

such is less-decipherable an allegation.[1] At core, though, these grounds of objection come well short insofar as (a) in light of the *sui generis* nature of the Claims, there does not exist any documentation to be requisitely affixed; (b) that Serv Trust is—and at all times relevant was—the Debtor's alter ego has been determined by a sister court, following a trial on the merits, *see* DE #1029 at pp. 7-8; and (c) this Honorable Court long ago entered an order extending the deadline for the King Parties to file claims, DE #1029 at p. 21.

For these reasons, and as extrapolated upon *infra*, the Objections should be overruled.

## II. Argument: The Objections Should be Overruled

### a. There is No Documentation to be Requisitely Attached

The Debtor first posits that the Claims are objectionable because no supporting documentation is appended thereto. Even putting aside the gross elevation of form over substance—the Claims directly reference the Adversary Proceeding—this contention is without merit for a simple reason: the nature of the Claims is such that there is no rigor of appending supporting documentation. These are not claims premised upon promissory notes, settlement agreements, or other grounds of monetary entitlement; these are claims correlative to the Adversary Proceeding—an action that seeks solely declaratory relief. And it is thusly little wonder that the Claims are unadorned by negotiable paper or photocopies of debt instruments.

The Federal Rules of Bankruptcy Procedure do require, *inter alia*, "[i]f a claim or an

[1] The various exhibits appear to be primarily aimed at bolstering an objection to the proposed compromise of the Adversary Proceeding and are thusly well addressed by the Trustee in that context. It does merit mention, however, that one exhibit is an e-mail obtained by the Debtor's alter ego through a subpoena issued in direct contravention of the Maryland accountant/client privilege. That the Debtor continues to attach this clearly-privileged document to court filings is disheartening; that the Debtor—through his alter ego—and his former state court counsel saw fit to issue such a subpoena in the first instance is even more disheartening. The privilege belongs to the King Parties and has never been waived.

interest in the debtor's property securing the claim is based on a writing, the creditor must file a copy with the proof of claim. . .” Fed. R. Bankr. P. 3001(c)(1).

Critical to the foregoing rule, however, is the word “if.” Plainly, where a claim is not predicated upon a writing—like a promissory note or a settlement agreement—the Federal Rules of Bankruptcy Procedure do not mandate the appendage of a writing. *See, e.g.*, *State Bd. of Equalization v. L.A. Int'l Airport Hotel Assocs. (In re L.A. Int'l Airport Hotel Assocs.)*, 106 F.3d 1479, 1480 (9th Cir. 1997) (“Simply put, no writing is required to create tax liability, and Rule 3001(c) does not apply to claims for such debt.”).

Here, the Claims are predicated upon a lawsuit seeking declaratory relief. While the nature of the Claims is well reflected in the correlative adversary complaint, the Claims are not “based on” that lawsuit. They are, rather, based on a historical series of events punctuated by the nonfeasance—and malfeasance—of the Debtor. And there are thusly no documents to be compulsorily appended to the Claims.

**b. Serv Trust is the Debtor’s Alter Ego**

In the Objections, the Debtor urges that each Claim “. . . is a fraudulent attempt to create a monetary connection between Serv Trust and Mr. Myers's Chapter 7 bankruptcy estate where there is none.” Objections, DE #1051-1053, at ¶ 4 (citing *Olson v. Anderson (In re Anderson)*, 377 B.R. 865 (B.A.P. 6th Cir. 2007)). It is, very genuinely, difficult to understand what the Debtor means by this proposition.

As a starting point, the applicability of *Anderson* to this case is wholly unclear. That case addresses the peculiarities of a debtor’s exemptions and matters surrounding a potential compromise of claims surrounding a partially non-exempt homestead. *Id.* Even ignoring that the case has been at least partially abrogated by the Supreme Court in *Schwab v. Reilly*, 560 U.S. 770

(2010), *Anderson* also has absolutely nothing to do with the Claims, the Objections, or anything else in this case. The King Parties legitimately cannot decipher what correlation is intended by the Debtor.

More pertinently, however, that Serv Trust is the Debtor's alter ego was long ago adjudicated by a state court following a trial on the merits. *See* DE #1029 at pp. 7-8. The Debtor tried to preempt the subject trial by removing the litigation shortly before the first day of trial but, alas, through the herculean efforts of the United States Bankruptcy Court for the Middle District of Florida, the case was promptly remanded the morning of trial. Mr. Myers' obstructive tactics came up short and, as a consequence of such, a genuine trial was held. That he does not like the outcome of that trial is immaterial; Serv Trust was declared the Debtor's alter ego and, as this Honorable Court has previously observed, "[t]he law dictates that the Alter Ego Order vested all of Serv Trust's assets in the Debtor's bankruptcy estate pursuant to Section 541(a), and those assets are subject to administration by the Trustee as the legal representative of the bankruptcy estate under Section 323(a)." *Id.* at p. 17.

**c. The Claims are Not Untimely**

Finally, the Debtor posits the Claims to be untimely in nature. Yet, as noted *supra*, this Honorable Court—more than a year ago—enlarged the deadline for the Claims to be filed. DE #1029 at p. 21. And the Debtor was assuredly knowledgeable of such, having proceeded to appeal the subject order. DE #1036. Yet the Debtor's appeal was then dismissed on his own motion, following entry of an order to show cause. *See Myers v. King, et al.*, Case No. 8:23-cv-03511-DLB (D. Md. 2023) at DE #7.

To be sure, there is a vast body of case law permitting the late filing of claims. *See, e.g., Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (". . . by

empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.") (quoting Fed. R. Bankr. P. 9006(b)(1)); *In re Flint*, 640 B.R. 877, 880 (Bankr. D.S.C. 2022) ("Further, Rule 3002(c) applies in Chapter 7 cases and expressly provides when the Court may extend the deadline to file a proof of claim.").

Yet whether the King Parties should—or should not—have been permitted to file their Claims is also legally immaterial. The order permitting such is not only a final order but, as noted *supra*, has already been appealed—unsuccessfully—by the Debtor. So, while the King Parties certainly maintain there to have been excellent cause for the late filing of the Claims herein—namely, the King Parties had to first get a state court to adjudicate that Serv Trust is the Debtor's alter ego, a process that took several years because of the Debtor's penchant for delay and procedural gimmickry—they also recognize such to not be a question properly before this Honorable Court as of present.

## III. Conclusion

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) overrule the Objections; and (ii) afford such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
Bar No. 18071
1452 W. Horizon Ridge Pkwy., #665
Henderson, Nevada 89012
Phone: 301-444-4600
E-mail: mac@mbvesq.com
*Counsel for the King Parties*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of June 2025, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- Virginia W. Barnhart Virginia.Barnhart@wbd-us.com, carmen.cisneros@wbd-us.com
- Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov
- Kristine D Brown LOGSECF@logs.com
- Daniel R Fogarty dfogarty.ecf@srbp.com
- Daniel A. Glass dglass@eckertseamans.com
- Steven L. Goldberg sgoldberg@mhlawyers.com, sgoldberg@ecf.inforuptcy.com;Goldberg.SteveR92003@notify.bestcase.com;cmartin@mhlawyers.com
- Daniel Hodges hodges@ewmd.com
- Gregory P. Johnson gjohnson@offitkurman.com
- Nikita Rajendra Joshi Nikita.Joshi@bww-law.com, bankruptcy@bww-law.com
- Susan J. Klein sklein@fftlaw.com, lramsey@fftlaw.com
- Lynn A. Kohen lynn.a.kohen@usdoj.gov
- Kimberly Brooke Lane kbritt@ecu.org
- Richard Edwin Lear richard.lear@hklaw.com, kimi.odonnell@hklaw.com;hapi@hklaw.com
- Frank J. Mastro fmastro@schlosslaw.com
- Stephen A. Metz smetz@offitkurman.com, mmargulies@offitkurman.com
- Laurin Howard Mills Laurin@werthermills.com, roussy@samek-law.com
- Valerie P. Morrison val.morrison@nelsonmullins.com, robert.ours@nelsonmullins.com;Dylan.trache@nelsonmullins.com;Jason.gold@nelsonmullins.com
- Jeffrey M. Orenstein jorenstein@wolawgroup.com
- Craig Palik cpalik@mhlawyers.com, cpalik@ecf.inforuptcy.com;Palik.CraigR92003@notify.bestcase.com;mevans@mhlawyers.com;cmartin@mhlawyers.com
- Eric Pelletier epelletier@offitkurman.com, dramos@offitkurman.com
- Daniel J. Pesachowitz dpesacho@siwpc.com, rjones@siwpc.com;bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com
- L. Jeanette Rice Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Douglas B. Riley driley@baldwin-seraina.com
- John Allen Roberts jaroberts@semmes.com, cdavis@semmes.com
- Roger Schlossberg trustee@schlosslaw.com, MD20@ecfcbis.com
- Roger Schlossberg bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com

- Roger Charles Simmons rsimmons@gordonsimmons.com, dwise@gordonsimmons.com;jdziubla@gordonsimmons.com
- Andrew Leonard Spivack andrew.spivack@brockandscott.com, wbecf@brockandscott.com
- Paul Sweeney psweeney@yvslaw.com, jbeckman@yvslaw.com;pgomez@yvslaw.com;cadams@yvslaw.com;sweeneypr39990@notify.bestcase.com;r39990@notify.bestcase.com;vmichaelides@yvslaw.com
- Diana C. Theologou dtheologou@mtglaw.com
- US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV
- Diana Carolina Valle diana.valle@vallelawfirm.com, 3517448420@filings.docketbird.com
- Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email
- Joshua Welborn bankruptcymd@mwc-law.com, ftr432@aol.com
- Frances Charlotte Wilburn fwilburn@offitkurman.com

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.