IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re:<br>GREGORY B. MYERS,<br><br>Debtor. | ) | Case No. 15-26033-MCR<br>(Chapter 7) |
| BRIAN KING, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER SCHLOSSBERG, TRUSTEE,<br><br>Defendant. | ) | Adv. No.: 24-00007 |

**MOTION TO STRIKE DEBTOR'S OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING PLAINTIFFS**

TO THE HONORABLE MARIA ELLENA CHAVEZ-RUARK, UNITED STATES BANKRUPTCY JUDGE:

Defendant, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, pursuant to Fed. R. Bankr. P. 9013, hereby moves to strike *Gregory B. Myers's Preliminary Objection to the Trustee's Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (hereafter the "*Debtor's Objection*"), [Dkt. # 19], on grounds that the Debtor, Gregory B. Myers, lacks standing to object to the Trustee's motion under the rule established in *Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985) and its progeny. In further support of this motion, the Trustee respectfully states:

1. On December 30, 2024, the Trustee filed a *Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs*, (the "*Trustee's 9019 Motion*"), [Dkt. #17], by

which the Trustee seeks Court approval of a proposed settlement with the Plaintiffs herein, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (hereafter the "King Plaintiffs"). Pursuant to the proposed settlement, the King Plaintiffs will, *inter alia*, pay to the Trustee, for the benefit of the bankruptcy estate, the sum of $150,000.00 (the "Settlement Payment") in order to redeem the entirety of the estate's interest in 6789 Goldsboro LLC and settle the claim asserted by the King Plaintiffs in this adversary case.[1]

2. On January 21, 2025, the Debtor filed the *Debtor's Objection*, [Dkt. #19], which largely attempts to relitigate various failed arguments previously asserted by the Debtor regarding the *Alter Ego Order*, including the finality of said judgment. *Compare, e.g.*, *Debtor's Objection*, [Dkt. #19], at 4-5, 8-9, *with Order Granting Motion for Approval Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* (the "*Settlement Procedures Order*"), [Case No. 15-26033 at Dkt. #1029], at 18 (holding that "the Debtor is incorrect in his argument that the Alter Ego Order has no force or effect because it is not a final judgment"). This Court, however, need not revisit the arguments set forth in the *Debtor's Objection* because the Debtor lacks standing to object to the proposed settlement.

3. In *Willemain*, *supra*, the Fourth Circuit held that an insolvent Chapter 7 debtor lacked standing to challenge the proposed sale of estate property because the debtor had no pecuniary interest in the result of the sale since the proposed sale would not return solvency to the estate or deliver a surplus to the debtor. *Willemain*, 764 F.2d at 1022. Thus, the debtor was not an interested party and, as a result, lacked standing to object. *Id*. at 1022-23.

[1] As explained in the *Trustee's Motion*, after Serv Trust was judicially adjudicated in state court to be the alter ego of the Debtor, Serv Trust's interest in 6789 Goldsboro LLC, by operation of law, became an asset of the Debtor's bankruptcy estate, subject to administration by the Trustee. The state court order adjudicating Serv Trust to be the alter ego of the Debtor is hereafter referred to as the "*Alter Ego Order*."

4. In reaching its decision in *Willemain*, the Fourth Circuit relied on the analogous principle that an insolvent debtor has no pecuniary interest in the distribution of assets among his creditors and, therefore, lacks standing to object to claims against the estate. *Id.* at 1022 (citing 3 J. Moore & L. King, Collier on Bankruptcy ¶ 57.17 [2.1] (14th ed. 1977)); *In re Fischer*, 2010 WL 2746349, *5 (Bankr. D. Md. July 9, 2010); *see also Yadkin Valley Bank and Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993) (the term "party-in-interest" is "generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceeding").

5. In this case, the Debtor's bankruptcy estate is insolvent – as this Court previously has observed. *See Trustee's Status Report*, [Case No. 15-26033 at Dkt. # 930], filed on April 20, 2021; *Settlement Procedures Order* [Case No. 15-26033 at Dkt. #1029], entered on December 11, 2023 ("Prior to entry of the Alter Ego Order, the Debtor's bankruptcy estate was unquestionably insolvent as detailed in the Trustee's Status Report filed on April 20, 2021…The Court notes that the Trustee has incurred significantly more legal fees since the filing of the status report.").[2]

6. The current proposed settlement with the King Plaintiffs, while significant, will not cause the Debtor's bankruptcy estate to be rendered solvent (nor will it cause the estate to come anywhere close to achieving solvency). Indeed, there is scant hope that the Debtor's estate will ever become solvent, due largely to the Debtor's unparalleled abuse of the bankruptcy process, which has caused the estate to hemorrhage attorney's fees in response to the litany of bad faith tactics employed by the Debtor to frustrate the Trustee's administration of the estate.[3] Thus, under

[2] Indeed, the Trustee has incurred nearly $200,000 in additional legal fees since the filing of the April 20, 2021 *Status Report*.

[3] *See, e.g., In re Kelly*, 656 B.R. 541, 548, 605 (Bankr. D. Md. 2023) ("Barbara Ann Kelly, and her husband, Gregory Brian Myers, and their dilatory and abusive litigation tactics are well known to the Court. As discussed in more detail below, Ms. Kelly and Mr. Myers have exploited and subverted the bankruptcy

*Willemain*, *supra*, the Debtor has no standing to object to the *Trustee's 9019 Motion* because he lacks a pecuniary interest in the outcome.

7. Accordingly, this Court should strike the *Debtor's Objection* for lack of standing and grant the *Trustee's 9019 Motion*, which otherwise stands unopposed. However. in the event that the Court wishes to consider the substance of the *Debtor's Objection*, the Trustee respectfully requests an opportunity to respond to the Debtor's arguments (which are frivolous) at a hearing on the merits.

8. Pursuant to Local Rule 9013-2, the Trustee states that no separate memorandum of law will be filed and that he will rely solely on this motion.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By: */s/ Frank J. Mastro*

Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Defendant/Movant,*
*Roger Schlossberg, Trustee*

process for over eight years… Ms. Kelly and Mr. Myers have systematically and abusively filed bankruptcy cases to stay ongoing litigation and appeals in various court systems. They often oppose efforts by creditors to obtain relief from the automatic stay to allow litigation to continue to final judgment, appeal any adverse rulings, and then start the cycle all over again once the appeal is dismissed or voluntarily withdrawn. This interminable pattern of litigious behavior holds creditors hostage to numerous judicial processes and forces them to incur legal fees to defend against frivolous lawsuits.").

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ***31st*** day of ***January 2025***, I served a copy of the foregoing *Motion to Strike Debtor's Objection to Trustee's Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* and proposed Order upon all parties listed on the attached *CM-ECF Mailing Information*:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon;

(b) via first-class mail, postage prepaid, to those individuals included on the *Manual Notice List* as follows:

Gregory B. Myers
700 Gulf Shore Blvd. North
Naples, FL 34102
*Debtor*

Additional copies of the foregoing *Motion* were sent via first-class mail, postage prepaid, to:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

*/s/ Frank J. Mastro*
Frank J. Mastro