USBC-MD G FILED DB
24 FEB '25 PM5:53

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:

GREGORY B. MYERS,

Debtor.

Case No. 15-26033-MCR
(Chapter 7)

______________________________/

BRIAN KING, *et al.*,

Plaintiffs,

v.

Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

Defendant.

______________________________/

**GREGORY B. MYERS'S RESPONSE IN OPPOSITION TO THE TRUSTEE'S MOTION TO STRIKE DEBTOR'S OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING PLAINTIFFS**

Gregory B. Myers ("Mr. Myers"), *pro se*, hereby files this response in opposition (the "Opposition") to the *Motion To Strike Debtor's Objection To Trustee's Motion For Approval Of Proposed Compromise And Settlement With King Plaintiffs* [Dkt. #20] (the "Trustee's Motion to Strike") filed by Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), and states:

On December 11, 2023, this Court entered an Order granting "Settlement Procedure Motion" [Case No. 15-26033 at Dkt. #1029] (the "Order"), stating that "In the event that the Trustee and the King Parties reach a resolution of their dispute, then the Trustee will file a motion seeking approval of the settlement ***and all parties in interest will be given notice and an***



3

***opportunity to be heard***." *Id.* (Emphasis supplied).

The Order [Case No. 15-26033 at Dkt. #1029] further states, "although not expressly stated in the Settlement Procedure Motion, the successful resolution of the Redemption Claim will be subject to approval by this Court pursuant to the legal standard applicable to motions seeking the approval of a compromise or settlement under Bankruptcy Rule 9019, as articulated by this Court in *In re Final Analysis, Inc.*, 417 B.R. 332 (Bankr. D. Md. 2009), ***after notice and an opportunity to be heard is provided to all parties interest***." *Id.* (Emphasis supplied).

This Court has already disposed of the Trustee's meritless argument that the Debtor does not have standing to oppose the Settlement Procedure Motion under the legal principle espoused in *Willemain v. Kivitz* in its prior Order [Case No. 15-26033 at Dkt. #1029]. Specifically, the Court ruled that "the parties will be required to file a further motion seeking Court approval of any proposed compromise under Bankruptcy Rule 9019. At that time, the Court will consider the reasonableness of any proposed settlement ***and all parties in interest will be given an opportunity to object and be heard***." *Id.* (Emphasis supplied).

In conclusion, and for the reasons stated above, Mr. Myers requests that the Court enter an order denying the *Motion To Strike Debtor's Objection To Trustee's Motion For Approval Of Proposed Compromise And Settlement With King Plaintiffs* [Dkt. #20].

## REQUEST FOR EVIDENTIARY HEARING

Mr. Myers demands that the Court schedule a full evidentiary hearing on the Trustee's Settlement Motion and demands strict proof on the substance and merits of the Trustee's Settlement Motion.

RESPECTFULLY SUBMITTED on this 24th day of February, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of February 2025, a copy of the foregoing GREGORY B. MYERS'S RESPONSE IN OPPOSITION TO THE TRUSTEE'S MOTION TO STRIKE DEBTOR'S OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING PLAINTIFFS was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*