IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re:<br>GREGORY B. MYERS,<br><br>Debtor. | ) | Case No. 15-26033-MCR<br>(Chapter 7) |
| BRIAN KING, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER SCHLOSSBERG, TRUSTEE,<br><br>Defendant. | ) | Adv. No.: 24-00007 |

**TRUSTEE'S REPLY TO DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION TO STRIKE DEBTOR'S OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING PLAINTIFFS**

TO THE HONORABLE MARIA ELLENA CHAVEZ-RUARK, UNITED STATES BANKRUPTCY JUDGE:

Defendant, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, hereby submits this memorandum in reply to *Gregory B. Myers's Response in Opposition to the Trustee's Motion to Strike Debtor's Objection to Trustee's Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (hereafter referred to as the "*Debtor's Opposition*"), [Dkt. # 23], and respectfully states:

1. The *Debtor's Opposition* is premised on the Debtor's belief that this Court's prior *Order Granting Motion for Approval Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* (the "*Settlement Procedures*

*Order*"), [Case No. 15-26033 at Dkt. #1029], affords him the right to object to the current proposed compromise and settlement between the Trustee and the King Plaintiffs. The Debtor is mistaken.

2. The *Settlement Procedures Order* provides that if a resolution of the instant adversary case is reached and a motion for court approval of such resolution is filed, "the Court will consider the reasonableness of any proposed settlement and all *parties in interest* will be given an opportunity to object and be heard." *Id*. at 20 (emphasis supplied). The Debtor, however, is not a "party in interest" entitled to be heard in these circumstances, under the rule established in *Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985).

3. In *Willemain*, the Fourth Circuit held that an insolvent Chapter 7 debtor lacked standing to challenge the proposed sale of estate property because the debtor had no pecuniary interest in the result of the sale since the proposed sale would not return solvency to the estate or deliver a surplus to the debtor. *Willemain*, 764 F.2d at 1022. In reaching this conclusion, the Fourth Circuit explained that "*an insolvent debtor is not a party in interest* and thus lacks standing because he has no pecuniary interest in the distribution of his assets among his creditors." *Id*.; *see also Grausz v. Englander*, 361 F.3d 467, 473 (4th Cir. 2003) ("In the bankruptcy context a party in interest is one who has a pecuniary interest in the distribution of assets to creditors."); *Yadkin Valley Bank and Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993) (observing that the term "party-in-interest" is "generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceeding").

4. Finally, although this Court previously allowed the Debtor to be heard in connection with the motion which resulted in the *Settlement Procedures Order*, the Court did so only "out of an abundance of caution," given the theoretical "possibility" that Serv Trust's assets might "bring significant value to the estate and render it solvent." *See Settlement Procedures*

*Order*, [Case No. 15-26033, Dkt. #1029], at 14 (observing that it was "highly unlikely" that Serv Trust possessed assets of such magnitude to bring solvency to the estate). Here, by contrast, there is *no* possibility that the estate will be rendered solvent by the redemption of Serv Trust's interest in 6789 Goldsboro LLC. Thus, the Debtor clearly lacks standing under *Willemain* to object to the proposed settlement.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By: */s/ Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Defendant/Movant,*
*Roger Schlossberg, Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ***27th*** day of ***February 2025***, I served a copy of the *Trustee's Reply to Debtor's Opposition to Trustee's Motion to Strike Debtor's Objection to Trustee's Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (the "*Trustee's Reply*") upon all parties listed on the attached *CM-ECF Mailing Information*:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon;

(b) via first-class mail, postage prepaid, to those individuals included on the *Manual Notice List* as follows:

Gregory B. Myers
700 Gulf Shore Blvd. North
Naples, FL 34102
*Debtor*

Additional copies of the *Trustee's Reply* were sent via first-class mail, postage prepaid, to:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

*/s/ Frank J. Mastro*
Frank J. Mastro