**MEMORANDUM OF UNDERSTANDING**

This Memorandum of Understanding (this "Agreement") sets forth the terms of an agreement by which the Class A Members of 6789 Goldsboro LLC ("Goldsboro") will purchase all of the interests of the Class B Member in Goldsboro. The Class A Members are Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively referred to as the "Buyers"). The Class B Member is Serv Trust (the "Seller") and its Trustees are Gregory B. Myers and Daniel Ring. Gregory B. Myers is also the Manager of Goldsboro. Goldsboro was formed more than thirty six months prior to the execution of this Agreement. The purpose of the formation of Goldsboro was to develop a parcel of land located in Bethesda, Maryland (the "Property"), to get it entitled and sell it to a third party for a profit. The parties hereto agree that the Property has not been fully entitled as of the date of this Agreement. The Agreement of the Buyers and Seller are as follows:

1. Purchase of Class B Membership Rights and Interest. The Buyers shall purchase all of the Class B Membership Rights and Interest on the terms set forth herein. The Class B Member and its Trustees agree to the sale of the Class B Membership Rights and Interest. The parties will enter into a Membership Interest Purchase and Sale Agreement which incorporates the terms and provisions of this Agreement (the "Purchase Agreement").

2. Representations. The Class B Member and its Trustees represent and warrant that the Class B Membership Rights and Interest have not been assigned or encumbered in any way and the Trustees have the full power and authority to agree to the terms of this Agreement, to agree to the change of the Manager of Goldsboro, and to enter into the Purchase Agreement. The Class B Member and its Trustees further represent that the sale of the Class B Membership Rights and Interest will not require the consent or approval of any third party or governmental authority. The Purchase Agreement shall contain additional customary representations and warranties from Seller and Buyers.

3. Mutual Releases. At Closing, the Buyers, Seller and Seller's Trustees shall agree to full and mutual releases of any and all claims or complaints that they have or may have (known or unknown) against each other arising out of their ownership of Goldsboro, the loans made by Goldsboro to the Class B Member, and the development of the Property.

4. Purchase Price. The purchase price that the Seller agrees to take and that the Buyers agree to pay for the Class B Membership Rights and Interest ("Purchase Price") shall be $2,000,000.00. At Closing, a portion of the Seller's proceeds of the Purchase Price shall be paid directly to Goldsboro, as repayment of the principal and interest then due on all loans made by Goldsboro to the Seller. The principal amount outstanding is currently $635,000, and the interest due thereon shall be determined as of the date of Closing. The balance of the Purchase Price shall be retained by the Seller (approximately $1,254,372.00).

5. Payment of Purchase Price. The Purchase Price will be paid as follows.

a. A deposit of $75,000.00 will be paid to an escrow agent (Buyer's attorney), in cash, upon the signing of this Agreement, and then paid to Seller at Closing. The deposit shall be refundable if Seller fails to close.

b. The balance of the Purchase Price shall be paid by Buyers at Closing. Closing shall occur upon the execution and delivery of the Purchase Agreement and an Assignment and Assumption of Membership Interests (the "Required Agreements").

6. Execution and Closing Dates. This Agreement must be executed by September 12, 2016 or this Agreement shall be null and void. The Closing must occur by October 7, 2016.

7. Manager's Actions. Prior to Closing, the Manager shall continue to act in the best interests of Goldsboro.

8. No Encumbrances or Interference. The Seller and its Trustees shall not take any action to encumber the Class B Interest or the Property or cloud title to the Class B Interest or the Property. The Seller and its Trustees shall not take any action whatsoever to devalue the Property or interfere with the development or sale of the Property before or after Closing.

9. Confidentiality. The parties to this Agreement shall not make any announcement or in any manner disclose to any person the existence, or any of the contents, of this Agreement, or of any other agreement entered into between the parties prior to Closing, without the express consent of the other parties hereto, unless such disclosure is required by law or by an order of court or administrative agency of competent jurisdiction.

If this Agreement is acceptable, please countersign one copy of this Agreement where indicated, and return the countersigned copy. This Agreement may be executed and delivered in several counterparts and electronically. This Agreement is intended to be a legally binding document.

Brian King, Buyer

Cristina King, Buyer

[signatures continued on next page]

[signatures continued – Memorandum of Understanding]

Cristina and Brian King Children's Trust, Buyer

By: ______________________________, Trustee
Vevita Leon

By: ______________________________, Trustee
Brian King

By: ______________________________, Trustee
Timothy Lynch

Serv Trust, Seller

By: ______________________________
Gregory B. Myers, Trustee

By: ______________________________
Daniel J. Ring, Trustee

______________________________
Gregory B. Myers, Manager