USBC-MD G FILED
3 JUL '25 AM9:46

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:

GREGORY B. MYERS,

Debtor.

Case No. 15-26033-MCR
(Chapter 7)

______________________________/

BRIAN KING, *et al.*,

Plaintiffs,

v.

Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

Defendant.

______________________________/

**SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING PLAINTIFFS**

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, files this supplemental objection (the "Supplement Objection") to the *Trustee's Motion For Approval Of Proposed Compromise And Settlement With King Plaintiffs* (Doc. 17) (the "Motion"), and states:

## I. A Bankruptcy Rule 9019 settlement cannot be approved without a copy of the actual signed settlement agreement being produced.

The purpose of Rule 9019 is to prevent hidden agreements and ensure the court can make an informed decision about the fairness and equitability of the settlement. This requires the Court to have access to all facts necessary for an intelligent and objective opinion. This Court cannot make a determination if such settlement is fair to such debtor's estate and the paramount interest of creditors, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,



4

390 U.S. 414, 424 (1968), if the Chapter 7 Trustee has never provided a copy of the **actual signed settlement agreement** to all parties in interest. *See* Fed. R. Bankr. P. 9019(a); 11 U.S.C. § 102(a) (defining "notice and a hearing"); Fed. R. Bankr. P. 2002(a)(3) (requiring 21 days' notice for hearing to approve settlement).

Bankruptcy Rule 9019 is a procedural rule; Bankruptcy Code § 363 is the substantive basis for the debtor's disposition of property in bankruptcy. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 351 (3d Cir. 1999). Under § 363, if a debtor disposes of estate assets outside the "ordinary course of business," then it must do so only after notice and a hearing. 11 U.S.C. § 363(b)(1). *See, e.g., Seminole Walls*, 388 B.R. at 393 & n.5; *Pineo v. Turner (In re Turner)*, 274 B.R. 675, 680 (W.D. Pa. 2002); *Stroud*, 205 B.R. at 725–26.

The purpose of Rule 9019 is to prevent "**concealed agreements which are unknown to the creditors and unevaluated by the court**". *United Shipping Co.*, 1989 WL 12723 at *5 (Rule 9019's purpose "is to protect other creditors against bad deals made between one creditor and the debtor."). Therefore, although Rule 9019 doesn't explicitly mention signed settlement agreements, the practical requirements of seeking and obtaining court approval make providing a copy of the agreement to the court and interested parties a standard and necessary step. All parties in interest need to review the the signed settlement agreement itself to determine if they are prejudiced. **This assessment requires the Court reviewing the signed settlement agreement itself**. This enables the court to fulfill its duty of ensuring the fairness and equity of the settlement.

In essence, the court cannot approve an agreement it hasn't seen. The court needs to examine the details of the agreement to ensure it is fair and equitable to all parties involved, including creditors Without the actual settlement agreement, the court lacks the necessary

information to make a determination regarding the fairness and appropriateness of the compromise.

## II. This Court cannot approve a settlement agreement involving *non-estate* property.

The Trustee's Settlement Motion cannot be approved as it constitutes fraud on the Court and a breach of the Trustee's fiduciary duties. The proposed settlement—which contemplates the Chapter 7 Trustee conveying ***non-estate property*** to the King Parties in exchange for $150,000—is tantamount to **fraud** and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner. See *In re Anderson*, 377 B.R. 865 (2007).[1] See also *Etgen v. Washington County Bldg. Loan Ass'n.,* 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land W*ater Co. v. Robinson, 154 Cal. 36, 97 P. 10, 14."). Id. at 418.

The Trustee has not met his burden of proof that Serv Trust's property is property of the bankruptcy estate, *Genger*, No. 19-13895 (JLG), 2024 WL 4438857 (Bankr. S.D.N.Y. Oct. 5, 2024, and section 105 does not authorize a bankruptcy court to create substantive rights that are

[1] On December 18, 2018, **The Honorable Anne K. Albright** found that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), concluding that Mr. King's actions "**would amount to constructive fraud**.".

USBC-MD G FILED 3 JUL'25 AM9:46

otherwise unavailable under applicable law. Accordingly, the Trustee's Settlement Motion must be denied.

RESPECTFULLY SUBMITTED on this 3rd day of July, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on ~~February 4~~ July 3, 2025, a copy of the foregoing Supplement was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*