Entered: July 3rd, 2025
Signed: July 3rd, 2025

**SO ORDERED**

UNITED STATES BANKRUPTCY COURT DISTRICT OF MARYLAND

Maria Ellena Chavez-Ruark

MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | |
|---|---|
| In re:<br><br>GREGORY B. MYERS,<br><br>Debtor. | Case Number: 15-26033-MCR<br>(Chapter 7) |
| BRIAN KING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER SCHLOSSBERG,<br><br>Defendant. | Adversary Number: 24-00007-MCR |

ORDER DENYING MOTION TO STRIKE

On January 10, 2024, Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (together, the "Plaintiffs") filed a Complaint for Declaratory Relief (the "Complaint") against Roger Schlossberg (the "Trustee"), the Chapter 7 Trustee of the bankruptcy estate of Gregory B. Myers (the "Debtor"). The Complaint asserts that the junior equity interest in an entity called 6789 Goldsboro, LLC

("Goldsboro") was redeemed pursuant to its Operating Agreement, thereby vesting sole ownership of Goldsboro in the Plaintiffs. An entity named Serv Trust had been the holder of the junior equity interest in Goldsboro, but the Complaint explains that the Circuit Court for Montgomery County, Maryland determined that Serv Trust was the alter ego of the Debtor and the Plaintiffs' claim concerning the redemption of Serv Trust's interest in Goldsboro became a claim against the Debtor's bankruptcy estate. Ultimately, the Complaint seeks a judicial declaration that the interest of Serv Trust and/or the Debtor's bankruptcy estate have been fully redeemed and that the Trustee has no right, title, or interest in Goldsboro.

On December 30, 2024, the Trustee filed a Motion for Approval of Proposed Compromise and Settlement With King Plaintiffs [Dkt. No. 17] (the "Settlement Motion"). The Settlement Motion and related Notice provide that the Plaintiffs will pay to the Trustee, for the benefit of the bankruptcy estate, the sum of $150,000.00 to redeem the entirety of Serv Trust's interest in Goldsboro and will also pay the Trustee's reasonable legal fees and expenses that the Trustee incurs in connection with the litigation of any appeals taken in the event the Settlement Motion is granted.

On January 21, 2025, the Debtor filed a Preliminary Objection [Dkt. No. 19] to the Settlement Motion. The Preliminary Objection asserts, among other things, that the Circuit Court for Montgomery County, Maryland did not enter a final order in the state court litigation in which it determined that Serv Trust was the alter ego of the Debtor. Accordingly, the Debtor argues that there is "no justiciable controversy or cause of action 'affecting the estate' and therefore there is nothing for the Trustee 'to compromise or settle.'" The Debtor avers that until the state court litigation concludes, the Trustee lacks standing to file the Settlement Motion or any "other motion affecting Serv Trust or Mr. Myers."

On January 31, 2025, the Trustee filed a Motion to Strike the Debtor's Preliminary Objection [Dkt. No. 20] (the "Motion to Strike") arguing that the Debtor lacks standing to object to the Settlement Motion. The Motion to Strike relies on *Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985), which held that an insolvent Chapter 7 debtor lacks standing to challenge the proposed sale of estate property or the distribution of estate assets because an insolvent debtor has no pecuniary interest in the outcome of the proposed transaction if it would not render the estate solvent or return a surplus to the debtor. On February 4, 2025, the Debtor filed a Supplement [Dkt. No. 22] to his Preliminary Objection to the Settlement Motion and a Response [Dkt. No. 23] to the Motion to Strike. On February 27, 2025, the Trustee filed a Reply [Dkt. No. 24] to the Debtor's Response again relying on *Willemain* and reiterating that there is no possibility that the Debtor's bankruptcy estate will be rendered solvent by the redemption of Serv Trust's interest in Goldsboro.

The Court has considered the Motion to Strike and related filings and finds that further briefing and/or a hearing would not aid the decisional process. *See* Md. L. Bankr. R. 9013-1(b) and (c). For the following reasons, the Motion to Strike is denied.

As asserted by the Trustee, the United States Court of Appeals for the Fourth Circuit addressed a debtor's standing in *Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985). The Court stated:

> In the analogous setting of whether an insolvent debtor may object to the allowance of claims against the estate, the leading and authoritative bankruptcy treatise as well as numerous tribunals have held that an insolvent debtor is not a party in interest and thus lacks standing because he has no pecuniary interest in the distribution of his assets among his creditors. *See* 3 J. Moore & L. King, *Collier on Bankruptcy* ¶ 57.17[2.1], pp. 275-277 (14th ed. 1977); 3 L. King, *Collier on Bankruptcy* ¶ 502.01[2] (15th ed. 1985). The Eighth Circuit succinctly stated the general rule:

> Thus, since the bankrupt is normally insolvent, he is considered to have no interest in how his assets are distributed among his creditors and is held not to be a party in interest. [citations omitted] However, when it appears that, if the contested claims are disallowed, there may be a surplus of assets to be returned to the bankrupt, the bankrupt is considered to have standing to contest the claims.

*Willemain*, 764 F.2d at 1022 (quoting *Kapp v. Naturelle, Inc.,* 611 F.2d 703, 706-707 (8th Cir. 1979)).

Here, however, the Debtor has been denied a discharge in his bankruptcy case. Under such circumstances, courts have determined that a debtor has a pecuniary interest in estate activities that could reduce the debtor's personal liability post-bankruptcy. *See Grausz v. Englander*, 321 F.3d 467, 473 (4th Cir. 2003) ("If legal fees were reduced or disallowed, there would be more money available in the estate to pay the nondischargeable priority claims, and Grausz's personal liability would be reduced. Grausz therefore had a pecuniary interest in the outcome of the fee applications, making him a party in interest to that proceeding."); *see also McGuirl v. White*, 86 F.3d 1232, 1235 (D.C. Cir. 1996) ("We do not agree that the McGuirls' pecuniary interest in challenging the fee application is remote. Because all of the McGuirls' debts are non-dischargeable, any reduction in administrative expenses will necessarily reduce the amount of non-dischargeable claims that remain unpaid and for which the McGuirls would be liable post-bankruptcy."); and *In re Byrd*, No. 04-35620-TJC, 2011 WL 589907, at *5, n. 6 (Bankr. D. Md. Feb. 10, 2011), *aff'd sub nom. Byrd v. Johnson*, 467 B.R. 832 (D. Md. 2012), *aff'd sub nom. In re Byrd*, 484 Fed. Appx. 845 (4th Cir. 2012) (unpublished) ("Case authority supports the principle that *Willemain* does not apply where a debtor is denied a discharge, because bankruptcy actions could have an effect on the amount of the nondischarged claims that the debtor remains obligated to pay once the automatic stay is terminated.").

Although the Debtor does not appear to be challenging the terms of the proposed settlement and instead questions the Trustee's standing to file the Settlement Motion, the Court finds that he has standing to oppose the Settlement Motion. If approved, the contemplated transaction will bring money into the Debtor's bankruptcy estate and, as set forth in *McGuirl*, may reduce the amount of non-dischargeable claims that remain unpaid and for which the Debtor will remain liable post-bankruptcy. *McGuirl*, 86 F.3d at 1235. Thus, the Debtor has a pecuniary interest in the outcome of the Settlement Motion.

For these reasons, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that that the Motion to Strike is denied.

cc: All Parties
All Counsel
Debtor – Gregory B. Myers, 750 Gulf Shore Boulevard North, Naples, FL 34102
Debtor – Gregory B. Myers, 4505 Wetherill Road, Bethesda, MD 20816

**END OF ORDER**