IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re:<br>GREGORY B. MYERS,<br><br>Debtor. | ) | Case No. 15-26033-MCR<br>(Chapter 7) |
| BRIAN KING, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER SCHLOSSBERG, TRUSTEE,<br><br>Defendant. | ) | Adv. No.: 24-00007 |

**OPPOSITION TO DEBTOR'S MOTION TO DISQUALIFY JUDGE**

Defendant, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, pursuant to Local Rule 9006-1(a), hereby opposes the *Motion to Disqualify Judge Maria Ellena Chavez-Ruark* (the "*Motion to Disqualify*"), [Dkt. #47], filed herein by the Debtor, Gregory B. Myers, and respectfully represents as follows:

## I. BACKGROUND

1. On January 10, 2024, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (the "King Plaintiffs") commenced the instant adversary proceeding by filing their *Complaint* herein. [Dkt. #1]. The Trustee thereafter filed an *Answer* on April 15, 2024. [Dkt. #13].

2. On December 30, 3024, the Trustee filed a *Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (the "*Rule 9019 Motion*"). [Dkt. #17]. The

Trustee explained therein that the proposed settlement, if approved by the Court, would resolve the instant adversary proceeding.

3. The Debtor filed a preliminary objection to the Trustee's proposed settlement on January 21, 2025, [Dkt. #10], and a supplemental objection on February 4, 2025, [Dkt. #22].

4. On May 7, 2025, at a status conference attended by the Debtor and the parties to this adversary case, the Court scheduled a two-day evidentiary hearing on the *Rule 9019 Motion* on June 30, 2025 and July 1, 2025, beginning at 10:00 a.m. on each day. [Dkt. #28]. On May 8, 2025, the Court issued a *Notice* regarding the hearing. [Dkt. #29].

5. On June 30, 2025 at 10:07 a.m., the Debtor personally filed the instant *Motion to Disqualify* with the Clerk, notwithstanding the hearing on the *Rule 9019 Motion* had been scheduled to begin seven minutes earlier. The Debtor thereafter belatedly arrived at the courtroom where the hearing on the *Rule 9019 Motion* was scheduled to occur.

6. Following the Debtor's belated arrival, the hearing on the *Rule 9019 Motion* began and proceeded to its conclusion on July 1, 2025. [Dkt. #52]. The Court did not address the merits of the *Motion to Disqualify* at the hearing. Indeed, as the Debtor did not move to shorten the time for a response to the *Motion to Disqualify*, or for an expedited hearing thereon, *see* Local Rule 9013-6, the motion was not ripe for adjudication at that time.

7. On July 3, 2025, the Court convened a further hearing, [Dkt. #51], at which it delivered an oral ruling approving the Trustee's proposed settlement. [Dkt. #59]. Later that day, the Court entered its written *Order* approving the settlement. [Dkt. #61].

8. The sole ground urged in the *Motion to Disqualify* is the Debtor's filing of a complaint in the United States District Court for the District of Maryland at 9:59 a.m. on June 30, 2025 – eight minutes prior to filing the instant motion – which named as defendants the presiding judge in this adversary proceeding, the Hon. Maria Ellena Chavez-Ruark, as well as counsel for

all the parties herein and Ramona Elliott, Esq., the deputy director and general counsel of the Executive Office of the United States Trustee. *See Myers v. Chavez-Ruark, et al*., Case No. 25-CV-2085 (D. Md.).

9. The Trustee now timely files his opposition to the *Motion to Disqualify*. *See* Local Rule 9006-1(a). For the reasons set forth below, the Debtor's motion should be denied.

## II. ARGUMENT

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *U.S. v. Studley*, 783 F.2d, 934, 939 (9th Cir. 1986); *see also In re Hipp, Inc*., 5 F.3d 109, 116 (5th Cir. 1993). A motion to disqualify is committed to the sound discretion of the judge and will not be reversed absent an abuse of discretion. *Hipp*, 5 F.3d at 116, *Studley*, 783 F.2d at 940.

Here, the sole ground for recusal is that Judge Chavez-Ruark is named as a defendant in a lawsuit that the Debtor filed mere minutes before filing the *Motion to Disqualify*. However, "a judge is not disqualified merely because a litigant sues or threatens to sue him." *U.S. v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977); *see also Ronwin v. State Bar of Ariz*., 686 F.2d 692, 701 (9th Cir. 1982) (observing that "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed"), *rev'd on other grounds sub nom, Hoover v. Ronwin*, 466 U.S. 558 (1984); *Springer v. Hunt*, 2017 WL 3380675, *4 (D. Haw. Aug. 4, 2017) ("disqualification of a judge cannot be obtained by the simple act of suing the judge" because to allow such "would permit and might even encourage litigants to manipulate and abuse the judicial process, which could undermine public confidence in the integrity of the judiciary").

In the circumstances of this case, it is patently obvious that the filing of the lawsuit against Judge Chavez-Ruark followed by the filing of the *Motion to Disqualify* immediately thereafter were part of a concerted, last ditch effort by the Debtor to improperly delay the hearing of the *Rule 9109 Motion*. *See Hipp, supra*, 5 F.3d at 116-17 (5th Cir. 1993) (affirming order finding no basis for recusal where defendant filed civil lawsuit against judge assigned to criminal case in attempt to gain continuance of scheduled trial date); *In re Bush*, 232 Fed. App'x 852, 853-54 (11th Cir. Jan. 31, 2007) (affirming denial of debtor's motion to recuse district court judge from presiding over bankruptcy appeal where debtor had named judge as third-party defendant by debtor in pending civil case because recusal "would give [debtor] an effective means to manipulate and needlessly delay the judicial process"); *Dydzak v. United States*, 2018 WL 1400248, *4 (N.D. Cal. Mar. 19, 2018) ("where a party files a lawsuit against a judge to gain an advantage, such as to delay proceedings, recusal is not warranted"); *Mellow v. Sacramento County*, 2008 WL 2169447, *3 (E.D. Cal. May 23, 2008) (party "may not file frivolous actions against a judge and then base a motion for disqualification upon those actions").

The instant *Motion to Disqualify* is the just latest example of the "dilatory and abusive litigation tactics" that the Debtor has employed "to exploit and subvert the bankruptcy process for over eight years." *See In re Kelly*, 656 B.R 541, 548 (Bankr. D. Md. 2023). In short, the motion reeks of bad faith and should not be tolerated by the Court, lest it invite similar manipulation and abuse from other litigants. *See Rochester v. Laubshire*, 2012 WL 2805717, *2 (D.S.C. July 10. 2012) ("A judge may exercise discretion and refuse to recuse himself in proceedings where a litigant is abusing the judicial system… Otherwise, a litigant would have the ability to improperly manipulate the judicial system"); *Mellow, supra*, 2008 WL 2169447 at *2 ("if courts are not simply to be abused on the whim of litigants, a judge has discretion not to recuse when the facts of the situation allow for no other conclusion [than] that the courts are being

abused. Any other ruling permits ever expansive suits against judges where the judge in the present proceeding is added to the next lawsuit for spite purposes, and so on and so on.”).

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the *Motion to Disqualify* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By: */s/ Frank J. Mastro*

Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Defendant,*
*Roger Schlossberg, Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ***14th*** day of ***July 2025***, a copy of the foregoing *Opposition to Debtor's Motion to Disqualify Judge* and proposed Order was served electronically via CM/ECF upon:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012
mac@mbvesq.com
*Attorneys for Plaintiffs*

and via first-class, postage prepaid mail upon:

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. North
Naples, FL 34102
*Debtor*

*/s/ Frank J. Mastro*
Frank J. Mastro