**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

USBC-MD G FILED
17 JUL '25 PM3:26

17 JUL '25 PM3:26

In re:

GREGORY B. MYERS,

Debtor.

Case No. 15-26033-MCR
(Chapter 7)

_______________________________________/

BRIAN KING, *et al.*,

Plaintiffs,

v.

Adv. No. 24-00007

ROGER SCHLOSSBERG, Trustee,

Defendant.

_______________________________________/

GREGORY MYERS

Third-Party Plaintiff,

v.

JUDGE MARIA ELENA CHAVEZ-RUARK,
in her official capacity; 6789 GOLDSBORO LLC;
MAURICE VERSTANDIG; THE VERSTANDIG
LAW FIRM, LLC; FRANK MASTRO; and
SCHLOSSBERG & ASSOCIATES, P.A.

Third-Party Defendants.

_______________________________________/

**MOTION FOR FINAL SUMMARY JUDGMENT AS TO COUNT I OF**
**<u>THIRD PARTY COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>**

Comes now GREGORY B. MYERS ("Mr. Myers" or "Debtor" or "Third Party Plaintiff"), and hereby moves this Court pursuant to Fed. R. Civ. P. 56 made applicable to adversary



13

proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, for entry of final summary judgment against Third-Party Defendants JUDGE MARIA ELENA CHAVEZ-RUARK, in her official capacity ("Ruark"), 6789 GOLDSBORO LLC ("Goldsboro"), MAURICE B. VERSTANDIG ("VerStandig"), THE VERSTANDIG LAW FIRM, LLC ("MBV Law"), FRANK MASTRO ("Mastro"), and SCHLOSSBERG & ASSOCIATES, P.A. ("Schlossberg Law") (collectively, the Third Party Defendants" or (TPDs") as to Count I—Constructive Fraud in the *Third Party Complaint And Demand For Trial By Jury* (Doc. 43-1) (the "Third Party Complaint"), and as grounds therefore asserts the following:

## STATEMENT OF UNDISPUTED FACTS

Mr. Myers hereby adopts and incorporates as if fully set forth herein the undisputed facts and arguments set forth in the EMERGENCY MOTION FOR STAY PENDING APPEAL together with any exhibits (Doc 75).

Mr. Myers hereby adopts and incorporates as if fully set forth herein the undisputed facts and arguments set forth in the DEBTOR"S MOTION TO DISQUALIFY COUNSEL together with any exhibits (Doc 49).

## MEMORANDUM OF LAW

### I. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.

"As a general rule, the court may consider on a Rule 56 summary judgment motion any material that would be admissible or usable at trial." *Prop. Mgmt. & Invest., Inc. v. Lewis*, 752

F.2d 599, 604 n.4 (11th Cir. 1985). Moreover, because the attached exhibits include statements made by the Third Party Defendants or their agents, they would be admissible as non-hearsay under Fed. R. Evid. 801(d).

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed by this Court. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) ("pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed.").

**II. Argument**

"[W]here two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability." *Etgen v. Washington County Bldg. Loan Ass'n.*, 184 Md. 412, 41 A.2d 290 (1945) (internal citations omitted).

In the context of bankruptcy proceedings, specifically concerning settlements approved under Rule 9019, a claim of constructive fraud can be asserted to challenge a transfer of assets made by the debtor's bankruptcy estate. Unlike actual fraud, constructive fraud does not require proof of intent to deceive. Furthermore, the misrepresentation supporting constructive fraud can be an omission of material information when the omitting party breaches a duty to disclose that information. Here, the *proposed* "settlement" is illegal, the product of collusion, and against the public interest. *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir.1991).

On February 10, 2017, 6789 Goldsboro LLC ("Goldsboro") filed a response in Debtor's administrative case admitting, "Serv Trust...is a fifty percent owner of Goldsboro, a Maryland limited liability company."

On December 19, 2017, during a hearing in the Debtor's administrative case [Case 15-26033; Doc 701], the Chapter 7 Trustee admitted that Myers does not own Serv Trust:

> THE COURT: All right, well, this is, though, an account of Serv Trust, right?
> MR. SWEENEY: Correct.
> THE COURT: Okay.
> MR. SWEENEY: That's correct.
> THE COURT: **Not his account?**
> MR. SWEENEY: **That is correct.**
> THE COURT: **All right**. *** **This is his kids' trust**.

On December 18, 2018, in the State Action, The Honorable Anne K. Albright (now sitting on the Appellate Court of Maryland), found that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members," and concluded that Mr. King's actions "**would amount to constructive fraud**."

On January 10, 2019, Serv Trust filed its *Second Amended Counterclaim and Demand for Jury Trial* against the King Parties, and on January 28, 2019, the King Parties filed a *Motion to Dismiss the Second Amended Counterclaim*, which the State Court denied on April 19, 2019. The King Parties's answer was therefore due 15 days from that date (i.e., by May 4, 2019) per Md. Rule 2-321(c). The King Parties, however, *never filed an answer* to the Second Amended Counterclaim. Accordingly, **the facts asserted** in Serv Trust's *Second Amended Counterclaim and Demand for Jury Trial* are now **deemed admitted**. *See Vanhook v. Merchants Mut. Ins. Co.*, 22 Md. App. 22, 27 (1974).

On May 12, 2021, the King Parties filed a Proof of Claim (Claim 3) in Mr. Myers's Florida Bankruptcy Case (Case No. 2:21-bk-00123) **predicated upon the State Action**. Mr. Myers filed

an objection, and on June 29, 2021, the Florida Bankruptcy Court (Delano, J) entered an *Order Sustaining Debtor's [Myers's] Objection to Proof of Claim 3 Filed by Brian King & Cristina King [Doc. No. 84]* [Case 2:21-bk-00123-FMD; Doc. 108], stating:

> 1. The Objection to Proof of Claim 3 filed is **SUSTAINED**.
> 2. The claim of Brian King & Cristina King is disallowed in its entirety.

On June 30, 2025, the Chapter 7 Trustee testified under oath as follows:

> SCHLOSSBERG: Your Honor, I never requested Mr. VerStandig at any time to do anything for me in any fashion. *** He is not my attorney.

(Emphasis added). However, at a hearing on September 23, 2019 in the State Action, counsel for the King Parties (Maurice B. VerStandig, Esq.) told Judge Dwyer "**the trustee has asked us to pursue such matters [alter ego claims] in this case**," as follows:

> THE COURT: So I guess I just -- a lot of what you say make sense. But how do I -- how do I not take into consider what Mr. Andres argued, because the alter ego claims -- and I think the case law on this is really clear. So tell me what I'm missing. Alter ego claims belong to the trustee.
>
> MR. VERSTANDIG: **Yes. The trustee has asked us to pursue such matters in this case** and the bankruptcy court has been very clear in suggesting through its order of extension that the State court litigation was ongoing and judicial economy favors a resolution as part of this case.

A copy of the September 23, 2019, hearing transcript in the State Action is in the record of this case.

On June 30, 2025, the Chapter 7 Trustee testified under oath as follows:

> SCHLOSSBERG: I cannot enter into an agreement binding non-estate property.

**There is no final judgment in the State Action**. This Court's attempt to characterize the January 12, 2023 non-final order entered by the State Court is wholly unsound. First, it is of no

moment that the King Parties' counsel (VerStanding), in a failed effort to manufacture some *illusion* of finality, prepared the non-final order and *designated* it a "non-final *judgment*" is irrelevant. As Md Rule 2-602(a) clearly states, "an order or other form of decision, ***however designated***, ..." Moreover, the State Court's January 12, 203, interlocutory order is not an order "for the payment of money." See *Anthony Plumbing of Maryland, Inc. et al. v. Attorney General of Maryland et al.*, 298 Md. 11 (1983). "The characteristics of a traditional equity order for the payment of money differ markedly from those of a typical judgment at law for the payment of money. The latter type of judgment 'does not purport to order anyone to do anything.'" *Della Ratta v. Dixon,* 422 A.2d 409,47 Md.App. 270 (1980). And, relevant here, it is "**not immediately enforceable**." *id.* at 286, 422 A.2d 409. Accordingly, this Court does not have jurisdiction over the King Parties' claims which involves property titled in the name of a non-debtor (i.e. Serv Trust), so this Court would thus not have subject matter jurisdiction over any issue with regard to that property. Nor could Serv Trust's property be brought into Myers's bankruptcy estate via a claim by the Chapter 7 Trustee because the period of limitations to do that has expired. See 11 U.S.C. § 546. See also *Maiz v. Virani*, 311 F.3d 334 (5th Cir. 2002) (turnover proceeding may not be used to adjudicate whether a corporation is an individual judgment debtor's alter ego).

The King Parties lack statutory authority to file the Adversary Complaint. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014), and the Chapter 7 Trustee has conceded that he is barred under Bankruptcy Rule 9027(a)(3) from removing the State Action to this Court, citing Bankruptcy Rule 9027 and *Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009). Notwithstanding that jurisdictional bar, the Chapter 7 Trustee and the King Parties (VerStandig) have conspired, with the Court's help, "to establish a ***procedural mechanism*** for resolving litigation pending in state court among [the King Parties], Serv Trust, and the Trustee

(who was named as a nominal defendant)" — i.e., a faux removal to *force* their way back into this Court (Judge Shopping) so that Judge Ruark can turn a blind-eye and "rubber stamp" their fraudulent Settlement Motion.

The record reflects that the King Parties, Goldsboro, and the Chapter 7 Trustee represented to the Appellate Court of Maryland (ACM) that "[t]he order from which appellants appealed did not adjudicate or complete the adjudication of any claim in this matter." Furthermore, as Judge Lease said, Maryland adheres to the *Frow Doctrine*. *See Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). "If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law." *Id.* See also *Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

A declaratory judgment in a bankruptcy adversary proceeding must be rooted in the specific legal framework of the Bankruptcy Code itself (i.e., it must be tied to a substantive provision of the Bankruptcy Code). Pursuant to the Declaratory Judgment Act of 1934, the Court is authorized to "declare the rights and other legal relations of any interested party seeking such declaration" when there is a "case of actual controversy." 28 U.S.C. § 2201(a). Congress also

delegated to the Supreme Court the power to make rules of practice and procedure that govern bankruptcy proceedings. 28 U.S.C. § 2075. Such rules, though, can't "abridge, enlarge, or modify any substantive right." Id. Here, the Adversary Complaint is premature (i.e., *not* ripe) because it requires the assumption of future, hypothetical events that have yet to occur (i.e., a final judgment being entered in the State Action). *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 561 (3d Cir. 2002) ("In cases where a plaintiff seeks . . . declaratory relief . . . standing will not lie if adjudication . . . rests upon contingent future events that may not occur as anticipated or indeed may not occur at all."). Because the Adversary Complaint does not allege an actual "case of actual controversy," the Adversary Complaint must be dismissed for lack of jurisdiction.

The Chapter 7 Trustee's proposed "settlement" with the King Parties constitutes fraud. The Chapter 7 Trustee is *purportedly* agreeing to transfer Serv Trust's interest in Goldsboro (i.e., *non-estate property*) in exchange for a $150,000 payment to the Chapter 7 Trustee and, therefore, a violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner. See *In re Anderson,* 377 B.R. 865 (2007). Here, the Chapter 7 Trustee **failed to submit a copy of the actual signed settlement agreement** to the Court and all parties in interest. This Court cannot "rubber stamp" a trustee's proposal. Rather as mandated by the Supreme Court in T.M.T. a Court must be apprised of the 'acts necessary for an intelligent and objective opinion, the probabilities of ultimate success should the claim be litigated'" The purpose of Rule 9019 is to prevent "concealed agreements which are unknown to the creditors and unevaluated by the court." *United Shipping Co.*, 1989 WL 12723 at *5 (Rule 9019's purpose "is to protect other creditors against bad deals made between one creditor and the debtor."). This requires the Court to have access to all facts necessary for an intelligent and objective opinion. The Court cannot make an informed decision about the fairness and equitability of the settlement, i.e., a determination that a

proposed settlement is fair to the debtor's estate and the paramount interest of creditors, without the Court having first reviewed a copy of the actual signed settlement agreement. Therefore, although Rule 9019 doesn't explicitly mention signed settlement agreements, the practical requirements of seeking and obtaining court approval make providing a copy of the agreement to the court and interested parties a standard and necessary step. All parties in interest need to review the the signed settlement agreement itself to determine if they are prejudiced. This assessment requires the Court reviewing the signed settlement agreement itself. This enables the court to fulfill its duty of ensuring the fairness and equity of the settlement. In essence, the court cannot approve a settlement agreement it hasn't seen. The court needs to examine the details of the agreement to ensure it is fair and equitable to all parties involved, including creditors Without the actual settlement agreement, the court lacks the necessary information to make a determination regarding the fairness and appropriateness of the compromise. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 4 I 4, 424 (1968). *See* Fed. R. Bankr. P. 90 l 9(a); 11 U.S.C. § 102(a) (defining "notice and a hearing"); Fed. R. Bank. P. 2002(a)(3) (requiring 21 days' notice for hearing to approve settlement). Here, the Chapter 7 Trustee's settlement ***motion*** contains three terms; however, the Settlement Order provides for a **fourth term** which was not part of the settlement motion.

The King Parties have filed **sham or fraudulent proofs of claim** against the estate in an attempt to manufacture standing where none exists. If an objection has been filed against the claim, the creditor cannot withdraw the claim as of right. Instead, they must file a motion to withdraw the claim and seek an order from the court after a hearing where they have provided notice of the hearing to the trustee and all creditors and parties in interest. If a creditor attempts to withdraw their claim after an objection has been filed without obtaining the necessary court order, the

debtor's objection to the claim must be sustained. This is because, under the rules, the attempted withdrawal would be **invalid**, leaving the objection unresolved and necessitating a ruling from the court. The King Parties cannot withdraw their claims in a strategic attempt to avoid an adverse ruling(s) or impact the bankruptcy process in an unfair way. See *Bath Iron Works Corp. v. Congoleum Corp.* (*In re Congoleum Corp.*), 2021 Bankr. LEXIS 10, 2021 WL 28396 (Bankr. D.N.J. Jan. 4, 2021), where the Bankruptcy Court for the District of New Jersey denied a motion by Congoleum Corporation (the "Debtor") for approval pursuant to Bankruptcy Rule 9019 of a settlement agreement, (the "Settlement") between the Debtor and Bath Iron Works Corporation ("BIW"). The Court declined to approve the Settlement, which was conditioned on the Court making findings that could impact litigation in another court, because the Court was unwilling to make all the requested findings. However, instead of explaining why it was denying approval of the Settlement or issuing partial findings, the Court denied the motion in its entirety, because to do otherwise while related pending litigation existed would, in the Court's view, amount to little more than an inappropriate advisory opinion.

A bankruptcy court cannot approve a trustee's transfer of property that is not part of the bankruptcy estate as part of a settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure. **Non-Estate Property Not Subject to Trustee's Transfer Powers**: Property that falls outside the definition of the bankruptcy estate is generally not under the control of the trustee and therefore not subject to their power to transfer or liquidate. Moreover, there is **No Basis for Court Approval**: If the property isn't part of the estate, the bankruptcy court lacks the statutory authority to approve its transfer within the context of a Rule 9019 settlement.

"In evaluating a settlement, '[t]he court may give weight to the trustee's opinion that the settlement is fair and equitable,' but may not simply adopt the [t]rustee's position without making

its own independent inquiry." *In re Soup Kitchen Int'l Inc.*, 506 B.R. 29, 37 (Bankr. E.D.N.Y. 2014) (quoting *In re Copperfield Invs., LLC*, 401 B.R. 87, 92 (Bankr. E.D.N.Y. 2009)); see also *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009) ("A court may not simply defer to a [trustee's] judgment, but must independently evaluate the reasonableness of the settlement.")

It is axiomatic that, to approve a settlement, the terms of the settlement must be lawful. See *Arrowsmith v. Mallory (In re Health Diagnostic Lab'y, Inc.)*, 588 B.R. 154, 162 (Bankr. E.D. Va. 2018) (stating that "courts will not approve settlement agreements that are 'illegal, a product of collusion, or against the public interest"' (quoting *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999))); *In re Christensen*, 561 B.R. 195, 215 (Bankr. D. Utah 2016) ("[S]tipulations cannot be approved if they violate the law."), *aff'd sub nom. In re Bird*, 577 B.R. 365 (B.A.P. 10th Cir. 2017); *In re Telcar Grp., Inc.*, 363 B.R. 345, 357 (Bankr. E.D.N.Y. 2007) ("To the extent a proposed settlement includes provisions, the enforcement of which would be illegal or against public policy, it matters not whether the settlement is in the best interests of the estate."). Rather, before entering a consent decree the court must satisfy itself that the agreement "is fair, adequate, and reasonable" and "is not illegal, a product of collusion, or against the public interest." *United States v. Colorado,* 937 F.2d 505, 509 (10th Cir.1991). Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest.

Additionally, the Settlement Motion purports to decide rights and to distribute property owned by a non-debtor, non-party (i.e., Serv Trust). The Bankruptcy Code does not authorize a bankruptcy court to eliminate rights with respect to a non-debtor's interest in property. Nor does it authorize a trustee to compromise someone else's claims. The Court did not decide those rights,

but approved a settlement by a Chapter 7 Trustee who has no duty or authority to bind the non-debtor, non-party (i.e., Serv Trust).

**III. Conclusion**

WHEREFORE, because no genuine issue of material fact exists and Mr. Myers is entitled to judgment as a matter of law, the Court should enter final summary judgment in favor of Mr. Myers and against all Third Party Defendants, jointly and severally, as to Count I—Constructive Fraud in the *Third Party Complaint And Demand For Trial By Jury* (Doc. 43-1) for the relief requested therein. In making this demand, Mr. Myers does not waive any of his rights.

RESPECTFULLY SUBMITTED on July 17, 2025.

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 17, 2025, a copy of the foregoing was furnished to the following parties:

Judge Maria Elena Chavez-Ruark
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*