IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re:<br>GREGORY B. MYERS,<br><br>Debtor. | ) | Case No. 15-26033-MCR<br>(Chapter 7) |
| BRIAN KING, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER SCHLOSSBERG, TRUSTEE,<br><br>Defendant. | ) | Adv. No.: 24-00007 |

**TRUSTEE'S OPPOSITION TO DEBTOR'S "MOTION FOR FINAL SUMMARY JUDGMENT AS TO COUNT I OF THIRD PARTY COMPLAINT"**

Defendant, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, pursuant to Local Rule 9006-1(a), hereby opposes the *"Motion for Final Summary Judgment as to Count I of Third Party Complaint and Demand for Jury Trial"* (the "*Motion*"), [Dkt. #78], filed herein by the Debtor, Gregory B. Myers, and respectfully represents as follows:

1. No such "*Third-Party Complaint and Demand for Jury Trial*" has been docketed in the above-captioned adversary proceeding. Without a third-party complaint having been docketed, there is nothing upon which the Court can award a judgment. Thus, the *Motion* may be denied on this ground alone.

2. The *Motion* should be denied for the additional reason that the Debtor is not presently a party to this adversary case and, thus, has no standing to bring a third-party complaint herein, let alone file the instant *Motion*.

3. The Trustee acknowledges that the Debtor previously filed a *Motion to Intervene in Adversary Proceeding* (the "*Motion to Intervene*"), [Dkt. #43], in which he asks to intervene in this adversary case notwithstanding that the matter substantively has been resolved by virtue of this Court's *Order Approving Trustee's Compromise and Settlement with King Parties*, [Dkt. #61], entered herein on July 3, 2025. The Trustee has opposed to the *Motion to Intervene*, *see* [Dkt. #68], and maintains that the *Motion to Intervene* should be denied for the reasons set forth in the Trustee's opposition,

4. Nevertheless, even if the Debtor hereafter is: (a) permitted to intervene in this adversary case; and (b) granted leave to file a third-party complaint, the filing of any motion for summary judgment thereon would have to await the issuance of a scheduling order by the Court and would be subject to any conditions imposed therein regarding the filing of dispositive motions. *See* Fed. R. Civ. P. 16(b) (incorporated herein by Fed. R. Bankr. P. 7016(a)). Thus, the instant *Motion* is, at best, entirely premature and not ripe for resolution at the present time.

WHEREFORE, for all the foregoing reasons, the Trustee respectfully requests that the *Motion* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By: */s/ Frank J. Mastro*

Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Defendant,*
*Roger Schlossberg, Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ***31st*** day of ***July 2025***, a copy of the *Trustee's Opposition to Debtor's "Motion for Final Summary Judgment as to Count I of Third Party Complaint"* and proposed Order was served electronically via CM/ECF upon:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012
mac@mbvesq.com
*Attorneys for Plaintiffs*

and via first-class, postage prepaid mail upon:

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. North
Naples, FL 34102
*Debtor*

*/s/ Frank J. Mastro*
Frank J. Mastro