Case No.: Case 8:26-cv-02865-TDC

em
USDC- GREENBELT
'26 OCT 28 PM3:24

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

GREGORY B. MYERS,

*Appellant*,

v.

ROGER SCHLOSSBERG, Chapter 7 Trustee,
BRIAN KING,
CRISTINA KING, and
CRISTINA AND BRIAN KING CHILDREN'S TRUST,

*Appellees*.

Appeal from the United States Bankruptcy Court
for the District of Maryland
Case No.: 15-26033

# APPELLANT GREGORY B. MYERS'S OPENING BRIEF

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

October 28, 2026

## TABLE OF CONTENTS

| | |
|---|---|
| JURISDICTIONAL STATEMENT | 1 |
| ISSUES PRESENTED | 2 |
| STANDARD OF REVIEW | 3 |
| STATEMENT OF THE CASE | 4 |
| A. The Bankruptcy Court established a special claims procedure based upon an interlocutory Maryland order. | 4 |
| B. The King Parties filed three $0 proofs incorporating the adversary proceeding by reference. | 5 |
| C. The King Parties admitted that the proofs were procedural vehicles rather than claims for economic recovery. | 6 |
| D. Myers timely objected and sought adjudication of the claims. | 7 |
| E. The Florida Bankruptcy Court previously entered a final judgment disallowing the King claim in its entirety. | 7 |
| F. The King Parties' redemption and alter-ego theories predated the Florida claim-disallowance judgment. | 8 |
| G. The Bankruptcy Court declined to adjudicate the objections before approving the settlement. | 9 |
| H. The July 3 Settlement Order expressly conditioned withdrawal upon finality and nonappealability. | 10 |
| I. The Bankruptcy Court nevertheless immediately overruled Myers's objections as moot. | 11 |
| J. The June 3, 2026 District Court Opinion premised mootness upon effective withdrawal. | 11 |
| K. The Bankruptcy Court denied Rule 60 relief by declaring withdrawal timing irrelevant. | 12 |
| L. Myers has a direct appellate interest. | 12 |
| SUMMARY OF ARGUMENT | 13 |
| ARGUMENT | 16 |
| I. THE BANKRUPTCY COURT COMMITTED A RULE 60(b)(1) LEGAL ERROR BY OVERRULING THE CLAIM OBJECTIONS AS MOOT BEFORE THE EXPRESS CONDITION FOR WITHDRAWAL OCCURRED. | 16 |

II. WITHDRAWAL OF THE THREE $0 PROOFS OF CLAIM DID NOT ADJUDICATE THEIR VALIDITY OR PROVIDE THE RELIEF MYERS SOUGHT THROUGH HIS OBJECTIONS. 18

III. THE KING PARTIES' OWN ADMISSIONS ESTABLISH THAT THE THREE PROOFS WERE PROCEDURAL VEHICLES, NOT ADJUDICATED BANKRUPTCY CLAIMS. 20

IV. THE JANUARY 12, 2023 INTERLOCUTORY MARYLAND ORDER DID NOT ESTABLISH CREDITOR STATUS OR CREATE CLAIMS AGAINST MYERS'S BANKRUPTCY ESTATE. 21

V. THE FINAL FLORIDA CLAIM-DISALLOWANCE JUDGMENT BARS RELITIGATION OF CLAIMS ARISING FROM THE SAME GOLDSBORO TRANSACTION. 24

A. The King Parties' own Florida filings identify the same underlying Goldsboro transaction. 24

B. Federal claim preclusion reaches claims arising from the same transaction that were or could have been presented. 25

C. The Florida judgment required application of claim preclusion. 27

VI. BANKRUPTCY RULE 3006 DID NOT AUTHORIZE THE COURT TO DISREGARD THE EXPRESS CONDITION GOVERNING WITHDRAWAL. 28

VII. THE JULY 7 RULE 60 ORDER RESTED UPON AN INDEPENDENT LEGAL ERROR THAT THE PRIOR DISTRICT COURT OPINION DID NOT RESOLVE. 30

VIII. THE ADDITIONAL RULE 60 GROUNDS AND THE COMPANION SETTLEMENT-ORDER APPEAL FURTHER SUPPORT RELIEF. 32

A. The Rule 60 Motion preserved independent grounds. 32

B. The separately appealed Settlement Order supplies the withdrawal condition central to this appeal. 33

C. Bankruptcy Rule 8008 permitted consideration of the Rule 60 Motion. 33

CONCLUSION 34

CERTIFICATE OF COMPLIANCE 36

CERTIFICATE OF SERVICE 36

# TABLE OF AUTHORITIES

**Cases**

Aikens v. Ingram, 652 F.3d 496 (4th Cir. 2011) (en banc) 32

Fobian v. Storage Technology Corp., 164 F.3d 887 (4th Cir. 1999) 30

In re Varat Enterprises, Inc., 81 F.3d 1310 (4th Cir. 1996) 25

Katchen v. Landy, 382 U.S. 323 (1966) 19

Kemp v. United States, 596 U.S. 528 (2022) 3, 14, 16, 18, 31

LVNV Funding, LLC v. Harling, 852 F.3d 367 (4th Cir. 2017) 19

MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269 (4th Cir. 2008) 3

Orca Yachts, LLC v. Mollicam, Inc., 287 F.3d 316 (4th Cir. 2002) 26

Pueschel v. United States, 369 F.3d 345 (4th Cir. 2004) 26

Standard Oil Co. of California v. United States, 429 U.S. 17 (1976) 30

Trantham v. Tate, 112 F.4th 223 (4th Cir. 2024) 13

United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) 32

Wendt v. Leonard, 431 F.3d 410 (4th Cir. 2005) 3, 32

**Statutes**

11 U.S.C. § 101(5) 2, 5, 15, 20, 21, 35

11 U.S.C. § 101(10) 2, 5, 15, 21, 22, 35

11 U.S.C. § 348 2, 15, 23, 35

11 U.S.C. § 502 2, 5, 10, 15, 18–19, 35

28 U.S.C. § 1334 1

28 U.S.C. § 157 1, 6, 19

28 U.S.C. § 158 1

**Rules**


| | |
|---|---|
| Fed. R. Bankr. P. 3006 | 28, 29, 35 |
| Fed. R. Bankr. P. 8002 | 1 |
| Fed. R. Bankr. P. 8008 | 1, 12, 32–33 |
| Fed. R. Bankr. P. 8015 | 36 |
| Fed. R. Bankr. P. 9024 | 1, 12, 32 |
| Fed. R. Civ. P. 60 | 1–3, 12–18, 28–35 |
| Md. Rule 2-602 | 22 |

## JURISDICTIONAL STATEMENT

The United States Bankruptcy Court for the District of Maryland exercised jurisdiction over the underlying Chapter 7 proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Proceedings concerning allowance or disallowance of claims against a bankruptcy estate are core proceedings under 28 U.S.C. § 157(b)(2)(B).

On July 3, 2025, the Bankruptcy Court entered Main Case Docket No. 1072, overruling Appellant Gregory B. Myers's objections to Proofs of Claim Nos. 21-1, 22-1, and 23-1 as moot (the "Claim-Objection Order").

On July 2, 2026, Myers filed a motion under Federal Rule of Civil Procedure 60(b)(1)–(6), made applicable by Federal Rule of Bankruptcy Procedure 9024, seeking relief from the Claim-Objection Order, preserving relief under Rule 60(d), and requesting alternative relief under Bankruptcy Rule 8008. Main Case Dkt. No. 1123 (the "Rule 60 Motion").

On July 7, 2026, the Bankruptcy Court entered Main Case Dkt. No. 1126 denying the motion (the "Rule 60 Order").

Myers filed his Notice of Appeal on July 20, 2026, Main Case Dkt. No. 1134, within the fourteen-day period prescribed by Bankruptcy Rule 8002(a)(1).

The Rule 60 Order disposed of Myers's post-judgment motion. This Court possesses appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

## ISSUES PRESENTED

1. Whether the Bankruptcy Court committed a legal mistake cognizable under Rule 60(b)(1) by holding that the timing of withdrawal of Claims 21-1, 22-1, and 23-1 was irrelevant, where the Settlement Order expressly conditioned their withdrawal upon becoming final and non-appealable and the Claim-Objection Order overruled Myers's objections as moot before that condition occurred.

2. Whether the Bankruptcy Court erred in treating conditional withdrawal of three $0 proofs of claim as equivalent to adjudication of Myers's objections, where the King Parties expressly acknowledged that the proofs were procedural vehicles associated with their adversary proceeding rather than claims seeking economic recovery from the estate.

3. Whether the Bankruptcy Court failed to apply 11 U.S.C. §§ 101(5), 101(10), 348, and 502 to determine whether the King Parties possessed cognizable claims against Myers's bankruptcy estate, where the purported proofs identified no independent factual basis for liability and merely incorporated a separate adversary proceeding by reference.

4. Whether the Bankruptcy Court failed to give effect to the final June 29, 2021 Florida judgment disallowing Brian and Cristina King's claim in its entirety, where the subsequent Maryland proofs arose from the same underlying Montgomery County Goldsboro controversy.

5. Whether the July 7 Rule 60 Order rested upon an erroneous legal premise by disregarding the express withdrawal condition and relying upon prior appellate affirmance without resolving the independent grounds asserted in Myers's timely Rule 60 Motion.

## STANDARD OF REVIEW

A district court reviews a bankruptcy court's legal conclusions de novo and factual findings for clear error.

Denial of Rule 60(b)(1) relief ordinarily is reviewed for abuse of discretion. *MLC Automotive, LLC v. Town of Southern Pines*, 532 F.3d 269, 277 (4th Cir. 2008). A ruling resting upon an erroneous interpretation of law constitutes an abuse of discretion.

In *Kemp v. United States*, 596 U.S. 528, 533–39 (2022), the Supreme Court held that a judge's mistake of law is a "mistake" cognizable under Rule 60(b)(1).

Denial of Rule 60(b)(4) relief is reviewed de novo. *Wendt v. Leonard*, 431 F.3d 410, 412–13 (4th Cir. 2005).

Questions concerning statutory construction, the legal effect of a proof of claim, the interpretation of a bankruptcy court order, and federal claim preclusion present questions of law reviewed de novo.

The present appeal concerns the Bankruptcy Court's denial of Rule 60 relief, rather than an unrestricted direct appeal of the underlying Claim-Objection Order.

## STATEMENT OF THE CASE

### A. The Bankruptcy Court established a special claims procedure based upon an interlocutory Maryland order.

Myers filed his Maryland Chapter 11 bankruptcy petition on November 18, 2015. The case converted to Chapter 7 on February 22, 2017.

On December 11, 2023, the Bankruptcy Court entered Main Case Dkt. No. 1029, establishing a special claims procedure for the King Parties after the ordinary claims deadline had expired.

The court relied upon its stated premise that the King Parties became potential creditors upon entry of the January 12, 2023 Maryland Order Entering Partial Judgment and Stay.

That order was interlocutory. Judge David Lease expressly excluded Myers from the January 2023 trial, ruled that neither res judicata nor collateral estoppel would apply against him, and recognized that no final judgment could result while claims and parties remained unresolved.

The King Parties subsequently represented to the Appellate Court of Maryland that the January 12 order was nonfinal. Goldsboro and Chapter 7 Trustee Roger Schlossberg expressly adopted that position.

The January 12 order adjudicated none of Myers's rights and established no claim against Myers or his bankruptcy estate.

Main Case DE 1029 identified no independent judgment establishing that the King Parties possessed allowable claims against Myers under 11 U.S.C. §§ 101(5), 101(10), and 502.

The legal effect of the January 12 interlocutory order is addressed more fully in the companion appeal, Civil Action No. 8:26-cv-02866-TDC.

**B. The King Parties filed three $0 proofs incorporating the adversary proceeding by reference.**

On January 10, 2024, Brian King, Cristina King, and the Cristina and Brian King Children's Trust filed Proofs of Claim Nos. 21-1, 22-1, and 23-1.

Each proof stated:

"Amount claimed: $0.00."

Each identified its purported basis as:

"Equitable and statutory claim, as set forth in Case No. 24-00007."

The proofs identified no independent factual basis establishing a claim against Myers or his estate.

Instead, each incorporated the contemporaneously filed adversary proceeding by reference.

On the same date, the King Parties commenced Adversary Proceeding No. 24-00007 against Schlossberg, concerning their attempted redemption of Serv Trust's Class B membership interest in 6789 Goldsboro LLC.

The adversary complaint invoked, among other provisions, 28 U.S.C. § 157(b)(2)(B), governing allowance and disallowance of claims against a bankruptcy estate.

The three purported proofs were expressly tied to that proceeding.

**C. The King Parties admitted that the proofs were procedural vehicles rather than claims for economic recovery.**

On June 5, 2025, the King Parties filed their Opposition to Myers's Claim Objections, Main Case Dkt. No. 1060.

The King Parties expressly acknowledged that their proofs:

"were filed not to assert any economic claim against the estate"

but were filed to protect the related adversary proceeding against arguments concerning waiver of claims.

DE 1060 at 1–2.

They described Claims 21–23 as:

"mere vehicles for the adjudication of a dispute concerning the redemption"

and as:

"claims correlative to the Adversary Proceeding—an action that seeks solely declaratory relief."

*Id.*

Their stated purpose was not obtaining a distribution from Myers's bankruptcy estate.

The proofs were procedural instruments intended to preserve and support the King Parties' separate adversary proceeding.

**D. Myers timely objected and sought adjudication of the claims.**

On May 6, 2025, Myers filed separate objections to the three proofs:

- Main Case DE 1051 — Cristina King, Claim 22-1;
- Main Case DE 1052 — Children's Trust, Claim 23-1; and
- Main Case DE 1053 — Brian King, Claim 21-1.

The objections challenged the validity and allowance of the purported claims, the asserted creditor relationship, the special claims procedure, and the effect of a prior final Florida judgment disallowing the King Parties' earlier claim.

Myers requested an evidentiary hearing and adjudication of his objections.

The King Parties opposed the objections through DE 1060.

The proofs remained filed and contested when the Bankruptcy Court convened the combined settlement and claim-objection hearing.

**E. The Florida Bankruptcy Court previously entered a final judgment disallowing the King claim in its entirety.**

On May 12, 2021, Brian and Cristina King filed Proof of Claim No. 3 in Myers's Florida Chapter 13 case, No. 2:21-bk-00123-FMD, asserting $3,885 arising from a pending sanctions motion in the Montgomery County litigation.

Myers objected on May 13, 2021. Florida DE 84.

The King Parties received notice and filed no opposition.

On June 29, 2021, Judge Caryl E. Delano entered Florida DE 108, sustaining Myers's objection and ordering:

"The claim of Brian King & Cristina King is disallowed in its entirety."

The order was not appealed.

The Florida judgment was incorporated into the Maryland bankruptcy record through Adv. DE 22-2 and was attached to Myers's May 2025 claim objections at Main Case DE 1051-5, 1052-5, and 1053-5.

Thus, the prior final claim-disallowance judgment was before Ruark when she overruled the Maryland objections as moot.

**F. The King Parties' redemption and alter-ego theories predated the Florida claim-disallowance judgment.**

On April 19, 2021, the King Parties filed their Motion to Dismiss Myers's Florida Chapter 13 case. Florida DE 58.

The King Parties attached their February 2019 First Amended Complaint in *King v. Serv Trust*, Montgomery County Case No. 436977-V, as Florida DE 58-3.

That complaint already contained:

**Count One:** Declaratory relief seeking redemption of Serv Trust's Class B membership interest in Goldsboro.

**Count Two:** Declaratory relief seeking an alter-ego determination and treatment of Serv Trust's assets as property of Myers's Maryland bankruptcy estate.

Florida DE 58-3 at 11–14.

Accordingly, these theories were pleaded and presented in the Florida proceedings before the June 29, 2021 final claim-disallowance judgment.

At the May 13, 2021 Florida hearing, VerStandig acknowledged that the $3,885 proof had been filed to establish creditor standing rather than to obtain an actual monetary recovery. Tr. May 13, 2021, at 8:17–20, 9:6–17; Florida DE 396.

The Bankruptcy Court denied the King Parties' motion to dismiss during that hearing.

Florida DE 58-3 and DE 396 are separately filed Florida court records. Myers requests judicial notice of their existence, contents, filing dates, and the statements appearing in the official transcript, without requesting acceptance of disputed allegations within the attached complaint as true.

**G. The Bankruptcy Court declined to adjudicate the objections before approving the settlement.**

The Bankruptcy Court conducted a combined evidentiary hearing on June 30 and July 1, 2025 concerning the Trustee's proposed Rule 9019 settlement and Myers's Claim Objections.

Myers requested that the objections be adjudicated before settlement approval, explaining that the validity of the purported claims bore upon the King Parties' asserted creditor status and the bankruptcy nexus of the adversary proceeding.

The Bankruptcy Court proceeded with the combined hearing.

No determination was made under § 502 concerning the allowance or disallowance of Claims 21–23.

**H. The July 3 Settlement Order expressly conditioned withdrawal upon finality and nonappealability.**

On July 3, 2025, the Bankruptcy Court entered its Order Approving Trustee's Compromise and Settlement with King Parties, Adv. DE 61 (the "Settlement Order").

Paragraph 4 provides:

"Proofs of Claim Nos. 21-1, 22-1, and 23-1 filed by the King Parties in Case No. 15-26033 shall be deemed withdrawn by the King Parties effective as of the date that this Order becomes final and non-appealable."

Adv. DE 61 at 3.

That provision established an express condition governing when the three proofs would be withdrawn.

The condition did not provide for immediate withdrawal upon settlement approval.

It provided that withdrawal would become effective only upon the Settlement Order becoming final and non-appealable.

**I. The Bankruptcy Court nevertheless immediately overruled Myers's objections as moot.**

Also on July 3, 2025, the Bankruptcy Court entered Main Case DE 1072, overruling Myers's objections as moot.

The Settlement Order had just been entered.

Its express finality-and-nonappealability condition had not occurred.

Nevertheless, DE 1072 immediately disposed of Myers's objections without determining the validity of the three purported claims.

The result was a mootness ruling based upon a withdrawal that had not yet become effective under the controlling Settlement Order.

**J. The June 3, 2026 District Court Opinion premised mootness upon effective withdrawal.**

On June 3, 2026, this Court affirmed the Claim-Objection Order in Civil Action No. 8:25-cv-02338-TDC as part of its consolidated bankruptcy appellate disposition. Lead Case No. 8:25-cv-02103-TDC, ECF Nos. 41–42.

The Memorandum Opinion stated that the objections were moot:

"once they were withdrawn pursuant to the Settlement Order."

Mem. Op. at 21.

That formulation depended upon withdrawal pursuant to the Settlement Order's terms.

The District Court denied rehearing June 29, 2026.

The period for further appellate review remained open when the Bankruptcy Court entered its subsequent Rule 60 Order on July 7.

**K. The Bankruptcy Court denied Rule 60 relief by declaring withdrawal timing irrelevant.**

On July 2, 2026, Myers filed Main Case DE 1123, seeking relief under Rule 60(b)(1)–(6), Bankruptcy Rule 9024, and Bankruptcy Rule 8008.

The motion was filed within one year of the July 3, 2025 Claim-Objection Order.

On July 7, 2026, the Bankruptcy Court denied relief, stating:

"Regardless of when the King Parties' claims were withdrawn (i.e., when the settlement was approved or when the settlement order became final), the claims were withdrawn and the order from which the Debtor now seeks relief was affirmed by the District Court on appeal."

Main Case DE 1126.

That reasoning expressly disregarded the condition governing the withdrawal's effective date.

This appeal followed.

**L. Myers has a direct appellate interest.**

Myers personally filed and prosecuted the three Claim Objections and the Rule 60 Motion.

The King Parties invoked the purported proofs to assert a creditor relationship against Myers and to support proceedings concerning his bankruptcy estate.

DE 1072 terminated Myers's own contested matters without adjudicating the purported claims. DE 1126 denied his timely request for relief from that disposition.

Myers seeks restoration of his objections and adjudication of the claims asserted against him in his bankruptcy case.

His appellate interest is direct, not derivative of Serv Trust, its trustee, or its beneficiaries. See *Trantham v. Tate*, 112 F.4th 223 (4th Cir. 2024).

## SUMMARY OF ARGUMENT

The Bankruptcy Court's July 7, 2026 Rule 60 Order rests upon a legal error established by the express language of its own orders.

The July 3, 2025 Settlement Order provided that Claims 21-1, 22-1, and 23-1 would be deemed withdrawn only when the Settlement Order became final and non-appealable.

Nevertheless, the Bankruptcy Court overruled Myers's objections as moot that same day, before the condition occurred.

When Myers sought Rule 60 relief, the Bankruptcy Court declared that withdrawal timing was irrelevant.

The effective date was the legal predicate for mootness.

The Settlement Order did not provide for immediate withdrawal. It expressly postponed withdrawal until finality and nonappealability.

The Bankruptcy Court could not treat that future event as having occurred before it happened.

The resulting legal mistake is cognizable under Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 533–39 (2022).

The error remained material when Rule 60 relief was denied on July 7, 2026, because the period for further appellate review of the Settlement Order remained open.

The error was substantive.

Claims 21–23 were three $0 proofs filed solely to preserve the King Parties' separate adversary proceeding. Their own opposition described the proofs as procedural vehicles rather than economic claims against Myers's estate.

Withdrawal of those proofs did not adjudicate their validity, the King Parties' asserted creditor status, or the claim-preclusion defenses Myers raised.

Moreover, the King Parties' underlying Goldsboro redemption and alter-ego theories had been pleaded in their February 2019 First Amended Complaint and expressly presented in their April 2021 Florida bankruptcy filings.

On June 29, 2021, the Florida Bankruptcy Court entered a final judgment disallowing Brian and Cristina King's claim in its entirety.

Under federal transactional claim-preclusion principles, that judgment bars relitigation of claims arising from the same transaction that were or could have been presented in the earlier proceedings.

The 2024 Maryland proofs identified no new transaction. They merely incorporated an adversary based upon the same underlying Goldsboro dispute.

The Bankruptcy Court never adjudicated the preclusive effect of the Florida judgment.

It instead relied upon the January 12, 2023 interlocutory Maryland Alter Ego Order as the purported source of newly arising creditor status, notwithstanding the King Parties' preexisting allegations and the statutory requirements of §§ 101(5), 101(10), 348, and 502.

The Bankruptcy Court's Rule 60 denial avoided all of these issues through the legally erroneous conclusion that the timing of withdrawal did not matter.

The July 7 order should be reversed, the Claim-Objection Order vacated, and Myers's objections restored for adjudication.

## ARGUMENT

### I. THE BANKRUPTCY COURT COMMITTED A RULE 60(b)(1) LEGAL ERROR BY OVERRULING THE CLAIM OBJECTIONS AS MOOT BEFORE THE EXPRESS CONDITION FOR WITHDRAWAL OCCURRED.

Rule 60(b)(1) authorizes relief from a judgment or order for mistake.

In *Kemp v. United States*, 596 U.S. 528, 533–39 (2022), the Supreme Court held that a judge's mistake of law falls within Rule 60(b)(1).

Myers filed his Rule 60 Motion on July 2, 2026, within one year of the July 3, 2025 Claim-Objection Order.

The motion therefore satisfied Rule 60(c)(1)'s one-year requirement.

The legal error is established by the terms of the Bankruptcy Court's own Settlement Order.

Paragraph 4 provides that Claims 21–23:

> "shall be deemed withdrawn ... effective as of the date that this Order becomes final and non-appealable."

Adv. DE 61 at 3.

The Bankruptcy Court did not order immediate withdrawal.

It expressly postponed withdrawal until a future event.

Nevertheless, the Bankruptcy Court entered DE 1072 on July 3, 2025, overruling Myers's Claim Objections as moot before that event occurred.

When Myers sought relief from this error, the Bankruptcy Court held:

"Regardless of when the King Parties' claims were withdrawn ... the claims were withdrawn."

Main Case DE 1126.

That legal proposition cannot be reconciled with Paragraph 4.

**When withdrawal became effective was the predicate for mootness.**

A condition expressly governing the effective date of withdrawal cannot be disregarded when withdrawal supplies the stated basis for dismissing the contested objections.

The chronology is dispositive.

On July 3, 2025, the Settlement Order had just been entered and was subject to appellate review. It had not become final and non-appealable.

Claims 21–23 therefore had not been withdrawn pursuant to Paragraph 4.

On July 7, 2026, when the Bankruptcy Court denied Rule 60 relief, the District Court had denied rehearing only eight days earlier, and the period for further appellate review remained open.

The condition remained unsatisfied.

Myers delivered notices of appeal from the District Court's June 3 judgment on July 8, 2026.

The Bankruptcy Court's conclusion that withdrawal timing was irrelevant thus contradicted the operative settlement provision and the appellate chronology.

The June 3 District Court Opinion did not supply a contrary basis. It described the objections as moot "once" the proofs were withdrawn. Mem. Op. at 21.

That statement presupposed withdrawal pursuant to the Settlement Order, not the elimination of the condition governing withdrawal.

The Rule 60 challenge concerns this specific legal mistake.

The Bankruptcy Court's July 7 Order independently adopted a premise that the operative settlement provision expressly foreclosed.

Under *Kemp*, the mistake was cognizable under Rule 60(b)(1).

The July 7 Rule 60 Order should be reversed.

## II. WITHDRAWAL OF THE THREE $0 PROOFS OF CLAIM DID NOT ADJUDICATE THEIR VALIDITY OR PROVIDE THE RELIEF MYERS SOUGHT THROUGH HIS OBJECTIONS.

The three purported claims demanded $0.

The King Parties acknowledged that they were not filed to obtain an economic distribution from Myers's estate.

Instead, they identified the proofs as procedural instruments connected to their separate adversary proceeding.

Main Case DE 1060 at 1–2.

That distinction matters under § 502.

Section 502(a) provides that a filed proof of claim is deemed allowed unless a party in interest objects.

Section 502(b) establishes the procedure for determining an objected-to claim.

The Fourth Circuit recognizes that filing an objection initiates a contested matter within the bankruptcy proceeding. *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 373–75 (4th Cir. 2017).

The Supreme Court likewise recognized the adjudicatory character of claims allowance in *Katchen v. Landy*, 382 U.S. 323, 329, 334 (1966).

A final adjudication disallowing a claim carries legal consequences different from the withdrawal of a proof of claim without an adjudication of its merits.

Here, sustaining Myers's objections would have determined whether the King Parties possessed allowable claims against his bankruptcy estate.

That question was not limited to the amount of any distribution.

The King Parties used Claims 21–23 to assert creditor status and to support their attempt to invoke the bankruptcy claims-allowance framework.

Their adversary complaint invoked 28 U.S.C. § 157(b)(2)(B), concerning allowance or disallowance of claims against the estate.

A determination disallowing the claims would have removed that asserted claims-allowance predicate and required identification of any independent

statutory basis for proceeding against the Trustee concerning the nondebtor trust's property.

Withdrawal supplied no such determination.

Nor did withdrawal adjudicate the prior Florida claim-disallowance judgment or its preclusive effect.

**A withdrawal is not a judgment sustaining a claim objection.**

The legal effect of the two dispositions is different.

The Bankruptcy Court therefore erred in treating a future conditional withdrawal as a substitute for the adjudication Myers requested.

## III. THE KING PARTIES' OWN ADMISSIONS ESTABLISH THAT THE THREE PROOFS WERE PROCEDURAL VEHICLES, NOT ADJUDICATED BANKRUPTCY CLAIMS.

The Bankruptcy Code defines a "claim" under 11 U.S.C. § 101(5).

Claims 21-1, 22-1, and 23-1 each demanded $0, identified no enforceable payment obligation owed by Myers, and provided no independent factual basis for an equitable remedy qualifying as a bankruptcy claim against his estate.

Each merely incorporated Adversary Proceeding No. 24-00007 by reference.

The King Parties' own June 5, 2025 opposition, DE 1060, acknowledged that the proofs:

"were filed not to assert any economic claim against the estate"

and were:

"mere vehicles"

for the separate adversary proceeding.

Those admissions directly address the purpose and substance of the filings.

The King Parties did not establish through the claims-allowance proceedings an enforceable right against Myers or his estate under § 101(5).

Nor did they establish creditor status under § 101(10).

A proof of claim does not create an underlying substantive right merely by referencing a separate lawsuit.

The Bankruptcy Court was required to determine whether Claims 21–23 satisfied the applicable statutory requirements once Myers filed his objections, unless the claims were otherwise lawfully disposed of.

Instead, the Bankruptcy Court allowed the purported proofs to remain part of the proceedings during settlement consideration and then relied upon their anticipated withdrawal to avoid adjudicating their validity.

The statutory question remained unresolved.

## IV. THE JANUARY 12, 2023 INTERLOCUTORY MARYLAND ORDER DID NOT ESTABLISH CREDITOR STATUS OR CREATE CLAIMS AGAINST MYERS'S BANKRUPTCY ESTATE.

Main Case DE 1029 relied upon the January 12, 2023 Maryland Alter Ego Order as the asserted basis for treating the King Parties as potential creditors.

That premise failed to establish claims against Myers under the Bankruptcy Code.

The Maryland order was interlocutory under Maryland Rule 2-602.

Judge Lease expressly excluded Myers from the January 2023 trial because of the automatic stay and ruled that neither res judicata nor collateral estoppel would apply against him.

Lease further stated that no final judgment could result from the January 3 proceeding.

The King Parties subsequently represented to the Appellate Court of Maryland that the January 12 order was nonfinal. Goldsboro and Schlossberg expressly adopted those representations.

The January 12 order adjudicated none of Myers's rights. It established no claim against Myers personally and no ownership of Serv Trust's property by his bankruptcy estate.

The Bankruptcy Court's separate assertion that the King Parties' creditor status first arose in January 2023 created an additional statutory problem.

Under § 101(10)(A), ordinary creditor status concerns claims arising at or before the order for relief.

Myers commenced his Maryland bankruptcy on November 18, 2015.

His case converted to Chapter 7 on February 22, 2017.

Section 348(a) generally preserves the original petition date and order-for-relief date following conversion.

Section 348(d) supplies specified treatment for qualifying postpetition claims arising before conversion.

The January 12, 2023 order was entered almost six years after conversion.

If, as DE 1029 reasoned, the King Parties' purported claims first arose in January 2023, the Bankruptcy Court was required to identify the statutory basis for treating those asserted post-conversion rights as ordinary creditor claims against Myers's preexisting bankruptcy estate.

If those purported claims instead arose from the earlier Goldsboro controversy, the final June 29, 2021 Florida claim-disallowance judgment and federal claim-preclusion law had to be applied.

The King Parties' own 2019 amended complaint establishes that their redemption and alter-ego theories existed years before the interlocutory January 2023 order.

The Bankruptcy Court's asserted 2023 creditor-status premise did not resolve either statutory issue.

The claim objections required adjudication of those matters.

## V. THE FINAL FLORIDA CLAIM-DISALLOWANCE JUDGMENT BARS RELITIGATION OF CLAIMS ARISING FROM THE SAME GOLDSBORO TRANSACTION.

On June 29, 2021, the United States Bankruptcy Court for the Middle District of Florida entered a final order sustaining Myers's objection to Proof of Claim No. 3 filed by Brian and Cristina King and disallowing that claim "in its entirety." Florida Case No. 2:21-bk-00123-FMD, DE 108.

The King Parties received notice, filed no opposition, and did not appeal.

The judgment is part of the Maryland bankruptcy record through Adv. DE 22-2 and Main Case DE 1051-5, 1052-5, and 1053-5.

### A. The King Parties' own Florida filings identify the same underlying Goldsboro transaction.

On April 19, 2021, the King Parties filed Florida DE 58, seeking dismissal of Myers's Florida Chapter 13 case.

The King Parties attached as Exhibit C their February 2019 First Amended Complaint in *King v. Serv Trust*, Montgomery County Case No. 436977-V.

Florida DE 58-3.

That amended complaint already pleaded their claimed right to redeem Serv Trust's Goldsboro membership interest and their alter-ego theory seeking to treat Serv Trust's assets as property of Myers's Maryland bankruptcy estate.

The prayers for relief in Counts One and Two expressly set forth those demands. Florida DE 58-3 at 11–14.

Thus, before entry of the June 29, 2021 Florida judgment, the King Parties had already pleaded the redemption and alter-ego theories and presented their amended complaint to the Florida Bankruptcy Court.

On May 12, 2021, VerStandig filed Proof of Claim No. 3 on behalf of Brian and Cristina King for $3,885, identifying a pending sanctions motion in the same Montgomery County litigation.

At the May 13 hearing, VerStandig acknowledged that the proof was untimely, that his clients did not expect it to be allowed, and that it had been filed to establish creditor standing. Tr. May 13, 2021, at 8:17–20, 9:6–17; Florida DE 396.

The Florida Bankruptcy Court denied the King Parties' motion to dismiss during that hearing.

On June 29, 2021, the court entered its final judgment sustaining Myers's objection and disallowing Claim 3 in its entirety.

**B. Federal claim preclusion reaches claims arising from the same transaction that were or could have been presented.**

The Fourth Circuit applies federal transactional claim-preclusion principles.

In *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315–16 (4th Cir. 1996), the Court held that claim preclusion bars both matters actually adjudicated and claims arising from the same cause of action that could have been presented in the earlier proceeding.

In *Pueschel v. United States*, 369 F.3d 345, 354–56 (4th Cir. 2004), the Court explained that identity of legal theories is not required. The relevant inquiry concerns the transaction, series of transactions, or core of operative facts.

See also *Orca Yachts, LLC v. Mollicam, Inc.*, 287 F.3d 316, 319–20 (4th Cir. 2002) (recognizing claim preclusion following a final judgment entered without an actual contested trial of every issue).

The King Parties' later Maryland proofs arose from the same underlying Goldsboro controversy.

Claims 21-1, 22-1, and 23-1 each demanded $0 and identified their purported basis only by reference to Adversary Proceeding No. 24-00007.

That adversary arose from the same Goldsboro membership dispute and the same redemption allegations pleaded in the 2019 amended complaint.

The 2024 proofs identified no separate transaction or independent factual basis for a new claim against Myers.

Changing the description of the purported claims to "equitable and statutory," demanding $0 rather than $3,885, or incorporating a subsequent adversary proceeding by reference did not create a new underlying transaction.

The King Parties' own April 2021 filings establish that the redemption and alter-ego theories existed and were asserted before entry of the Florida judgment.

**C. The Florida judgment required application of claim preclusion.**

The Florida court entered a final, unappealed order disallowing Brian and Cristina King's claim in its entirety.

The same individuals subsequently filed Maryland Claims 21-1 and 22-1.

The Children's Trust, acting through Brian King, participated alongside Brian and Cristina King in the underlying Maryland litigation and in the April 2021 Florida motion to dismiss. Its relationship to the earlier claimants presented the additional question of privity.

The prior judgment and the King Parties' own pleadings established a substantive federal claim-preclusion defense.

The Bankruptcy Court never adjudicated that defense.

Instead, DE 1029 relied upon the premise that the King Parties first became potential creditors upon entry of the January 12, 2023 Maryland interlocutory order.

The King Parties' own 2019 complaint and April 2021 Florida filing establish that their underlying allegations and asserted rights existed before that order.

The Bankruptcy Court could not avoid both the final Florida judgment and the Bankruptcy Code's creditor definitions by authorizing three new $0 proofs referencing the same controversy, allowing those proofs to be used in connection

with the adversary proceeding, and then overruling Myers's objections as moot through a conditional withdrawal.

The claim-preclusion defense required adjudication.

The anticipated withdrawal of Claims 21–23 did not supply it.

The July 7 Rule 60 Order likewise failed to address it.

## VI. BANKRUPTCY RULE 3006 DID NOT AUTHORIZE THE COURT TO DISREGARD THE EXPRESS CONDITION GOVERNING WITHDRAWAL.

Federal Rule of Bankruptcy Procedure 3006 governs withdrawal of proofs of claim.

Under Rule 3006(a), once an objection has been filed, a creditor may not withdraw a proof of claim without court authorization after notice and a hearing.

Rule 3006(b) expressly permits the court to impose terms and conditions upon withdrawal.

Here, Myers had already objected to Claims 21–23.

The Bankruptcy Court exercised its Rule 3006 authority by approving withdrawal subject to an express condition.

Paragraph 4 of the Settlement Order provided that the proofs:

"shall be deemed withdrawn ... effective as of the date that this Order becomes final and non-appealable."

Adv. DE 61 at 3.

The Bankruptcy Court therefore established the effective date.

The legal question was whether that condition had occurred.

When DE 1072 was entered, it had not.

When DE 1126 subsequently denied Rule 60 relief, the period for further direct appellate review remained open.

Rule 3006 authorized the Bankruptcy Court to permit conditional withdrawal.

It did not authorize the court to disregard the condition governing the withdrawal it approved.

Nor did Rule 3006 transform an anticipated future withdrawal into an already completed event.

The July 7 Rule 60 Order declared withdrawal timing irrelevant, thereby depriving the Settlement Order's express condition of operative meaning.

**The Bankruptcy Court's own order governed when the proofs ceased to be pending.**

Having imposed that condition, the court was required to apply it when determining whether Myers's Claim Objections were moot.

## VII. THE JULY 7 RULE 60 ORDER RESTED UPON AN INDEPENDENT LEGAL ERROR THAT THE PRIOR DISTRICT COURT OPINION DID NOT RESOLVE.

The Bankruptcy Court's July 7 Rule 60 Order relied partly upon the District Court's June 3, 2026 affirmance of the Claim-Objection Order.

Prior appellate review did not categorically eliminate the Bankruptcy Court's authority to consider Rule 60 relief.

In *Standard Oil Co. of California v. United States*, 429 U.S. 17, 17–19 (1976), the Supreme Court held that a trial court may entertain Rule 60 relief following appellate review without first obtaining leave from the appellate court.

The Fourth Circuit likewise recognizes procedures for consideration of Rule 60 motions while an appeal is pending. *Fobian v. Storage Technology Corp.*, 164 F.3d 887, 890–91 (4th Cir. 1999).

The critical issue here is the independent legal premise adopted in DE 1126.

The District Court's June 3 Opinion described the Claim Objections as moot:

"once they were withdrawn pursuant to the Settlement Order."

Mem. Op. at 21.

The Bankruptcy Court's subsequent July 7 Rule 60 Order declared withdrawal timing irrelevant.

Those propositions are materially different.

The June 3 Opinion premised mootness upon withdrawal pursuant to the Settlement Order.

The July 7 ruling disregarded the express condition defining when withdrawal became effective.

The Rule 60 Motion therefore presented a legal mistake arising from the operative condition governing withdrawal, not merely a request to reconsider the court's discretionary approval of settlement.

The Settlement Order postponed withdrawal until finality and nonappealability.

The Bankruptcy Court's subsequent declaration that timing was irrelevant contradicted the controlling provision.

Under *Kemp*, that judicial mistake was cognizable under Rule 60(b)(1).

The prior appellate affirmance did not establish that the express withdrawal condition had been satisfied.

The Bankruptcy Court's July 7 Order accordingly rested upon an error of law requiring reversal or remand.

## VIII. THE ADDITIONAL RULE 60 GROUNDS AND THE COMPANION SETTLEMENT-ORDER APPEAL FURTHER SUPPORT RELIEF.

### A. The Rule 60 Motion preserved independent grounds.

Main Case DE 1123 invoked Rule 60(b)(1)–(6), Bankruptcy Rule 9024, preserved relief under Rule 60(d), and alternatively requested relief under Bankruptcy Rule 8008.

The primary legal mistake presented in this appeal arises under Rule 60(b)(1).

The remaining grounds concerned the asserted creditor-status foundation, the prior Florida judgment, the interlocutory Maryland order, the settlement procedure, and the refusal to adjudicate the proofs before treating them as withdrawn.

Rule 60(b)(4) separately addresses qualifying jurisdictional and due-process defects. *Wendt v. Leonard*, 431 F.3d 410, 412–13 (4th Cir. 2005); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–72 (2010).

Rule 60(b)(6) authorizes relief in extraordinary circumstances independent of the grounds specified in the preceding subsections. *Aikens v. Ingram*, 652 F.3d 496, 500–01 (4th Cir. 2011) (en banc).

The July 7 denial relied upon the claimed completion of withdrawal and prior appellate affirmance.

Neither ground resolved the independent statutory and claim-preclusion issues presented in the Rule 60 Motion.

**B. The separately appealed Settlement Order supplies the withdrawal condition central to this appeal.**

This appeal is directly related to, but independent of, Civil Action No. 8:26-cv-02866-TDC.

In 2866, Myers challenges the denial of Rule 60 relief from the Settlement Order itself.

That appeal concerns the Bankruptcy Court's asserted authority to approve a settlement affecting property belonging to Serv Trust, a nondebtor Maryland trust.

The Settlement Order contains the very provision upon which DE 1072 relied in declaring Claims 21–23 withdrawn.

Vacatur or material limitation of the Settlement Order would necessarily require consideration of the continued effect of its withdrawal provision.

The present appeal separately concerns whether the Bankruptcy Court could overrule Myers's Claim Objections as moot before the condition governing withdrawal occurred.

The two appeals therefore preserve distinct grounds for relief concerning different bankruptcy orders.

**C. Bankruptcy Rule 8008 permitted consideration of the Rule 60 Motion.**

Myers alternatively invoked Bankruptcy Rule 8008.

That rule permitted the Bankruptcy Court to consider and deny the Rule 60 Motion notwithstanding the pendency of an appeal. It also supplied a procedure for an indicative ruling if the Bankruptcy Court determined that the motion should be granted or raised a substantial issue.

The pending appeal did not automatically prevent the Bankruptcy Court from considering the Rule 60 grounds.

Its decision to deny relief remained subject to the applicable Rule 60 standards.

The July 7 Order's express declaration that withdrawal timing was irrelevant constituted the legal mistake requiring review.

## CONCLUSION

For the foregoing reasons, Appellant Gregory B. Myers respectfully requests that this Court:

1. **REVERSE or VACATE** the Bankruptcy Court's July 7, 2026 Rule 60 Order, Main Case Dkt. No. 1126;

2. **HOLD** that the Bankruptcy Court committed legal error in concluding that the timing of withdrawal of Claims 21-1, 22-1, and 23-1 was irrelevant when withdrawal was expressly conditioned upon the Settlement Order becoming final and non-appealable;

3. **HOLD** that an unfulfilled condition governing withdrawal could not supply the basis for declaring Myers's pending Claim Objections moot;

4. **HOLD** that conditional withdrawal of the three $0 proofs did not adjudicate their validity, establish the King Parties' asserted creditor status, or resolve Myers's claim-preclusion defenses;

5. **VACATE** the July 3, 2025 Claim-Objection Order, Main Case Dkt. No. 1072, and restore Myers's objections for adjudication under 11 U.S.C. § 502 and the applicable Bankruptcy Rules;

6. Alternatively, **REMAND** for the Bankruptcy Court to reconsider the Rule 60 Motion under the correct legal standards, including the express withdrawal condition, 11 U.S.C. §§ 101(5), 101(10), 348, and 502, Bankruptcy Rule 3006, the final Florida claim-disallowance judgment, and controlling federal claim-preclusion principles; and

7. **GRANT** such other and further relief as is just and proper.

Respectfully submitted,

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Bankruptcy Procedure 8015(a)(7) and 8015(h), I certify that this brief contains 6,036 words, excluding the parts exempted by Rule 8015(g). This brief was prepared in 14-point Times New Roman, a proportionally spaced typeface.

Gregory B. Myers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2026, I served a true and correct copy of the foregoing Appellant Gregory B. Myers's Opening Brief by first-class U.S. Mail, postage prepaid, and/or through the Court's electronic filing system where applicable, upon the following:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

Frank J. Mastro, Esq.
Schlossberg Mastro
P.O. Box 2067
Hagerstown, Maryland 21742

Gregory B. Myers